## Goins v. Commonwealth.

(Decided January 7, 1916.)

### Appeal from Whitley Circuit Court.

1. Criminal Law—False Swearing—Corroborative Evidence—Sufficiency.—Where, on a trial for false swearing, the alleged false oath relates to two or more facts, and one witness contradicts the accused as to one fact and another witness as to another fact, the two witnesses corroborate each other in the fact that the accused swore falsely, and their testimony will authorize a conviction.

2. Criminal Law—Parol Evidence—Jurisdiction.—In a prosecution for false swearing, the jurisdiction of the justice, who presided at the trial at which defendant was charged with falsely swearing, is not sufficiently shown by his record reciting that the accused was arrested on a warrant for the illegal

sale of whiskey: His court being a court of inferior jurisdiction, jurisdiction depended on the issuance and service of the warrant, and the warrant itself not having been lost or destroyed should have been introduced in evidence.

3.  Criminal Law—Instructions—Indeterminate Sentence Law—Punishment—Error.—An instruction with reference to punishment for false swearing under the indeterminate sentence law, which authorized the jury to fix the punishment of defendant at confinement in the penitentiary for an indeterminate period of not less than one and not more than five years, in their discretion, and concluded with the words, "and you will say in your verdict the lowest number of years and the highest number of years that he shall be required to serve," is misleading, in that the jury might conclude therefrom that it was necessary for them to prescribe both the minimum and maximum punishment in years.

4.  Criminal Law—Instructions—False Swearing—Prejudicial Error.—An instruction, telling the jury that before they can find defendant guilty of false swearing each element of the crime as set forth in the indictment and in the instructions must be proven beyond a reasonable doubt, by the testimony of two witnesses or by the testimony of one witness and strong corroborative circumstances, is not prejudicial.

5.  Criminal Law—Instructions—Assumption of Facts.—An instruction should avoid the appearance of assuming as true the facts which the jury themselves are required to pass on, and determine adversely to the defendant before they can find him guilty.

H. C. GILLIS and B. B. SNYDER for appellant.

M. M. LOGAN, Attorney General, and CHAS. H. MORRIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Defendant, Garfield Goins, was convicted of false swearing and given an indeterminate sentence in the penitentiary of not less than one year or more than two years. He appeals.

The evidence heard on the trial is in brief as follows: J. S. Lay testified that he was duly elected, qualified and acting justice of the peace at Jellico, Kentucky. On the ............ day of ........................, 1915, when he was a justice of the peace, and acting as such, he tried the defendant, Garfield Goins, on the charge of selling whiskey in Whitley county, Kentucky, within twelve months prior to the time of the trial, in violation of law. He tried the defendant on a warrant, but did not have the warrant with him. The warrant charged the defendant with having

illegally sold whiskey in Whitley county within twelve months prior to the date thereof to one Andy Peace. On the trial of the defendant the defendant offered himself as a witness and was duly sworn to tell the truth, the whole truth, and nothing but the truth. After being so sworn the defendant testified that he had not within twelve months prior to the issual of the warrant sold any whiskey in Whitley county, Kentucky, to W. A. Peace or James Lindsey, Tom Law or Isaiah Steely, or either of them. To the testimony of this witness the defendant objected, but his objections were overruled. W. A. Peace testified that he purchased a pint of whiskey from defendant in a bowling alley in Whitley county, Kentucky, during the year 1915, and paid Goins 50 cents therefor. James Lindsey testified that he bought a pint of whiskey from Goins in 1915, after dark one evening, at the side of a building known as the Union Depot Restaurant. This building, as he understood, is located mostly in Whitley county, Kentucky, and partly in Tennessee. He did not know whether he or the defendant was in Whitley county or in Tennessee at the time of the sale. Afterwards Lindsey was again introduced and testified that he had just been to the place of sale and had examined the premises and was satisfied the sale took place in Kentucky.

At the conclusion of the evidence for the Commonwealth defendant asked for a peremptory instruction. Thereupon the trial was suspended until the next day. On the following day Magistrate Lay was again introduced as a witness over the objection of defendant. Lay testified that he now had in his possession his Commonwealth order book containing a judgment entered by him against defendant, Garfield Goins, on the trial for selling whiskey about which he had testified the day before. Over the objection of the defendant he was permitted to read the judgment. The judgment recited the fact that the defendant, Garfild Goins, having been brought before the court on a warrant charging him with selling spirit-uous, vinous and malt liquors, and he being informed of the charge through his attorney, L. L. Peace, announced ready for trial. It further recites that certain jurors were duly sworn, who, after hearing the evidence and instructions of the court, returned a verdict finding the defendant guilty and fixing his fine at $60.00 and 10 days in jail. Following the above recital, the judgment provides that if the fine be not paid or replevied the defendant should

be placed at hard labor, one day for each one dollar of the fine and costs, until paid. The witness Lay testified that he had had only a few minutes to search for the warrant to which he referred in his testimony of the day before, and though he was satisfied it was among his papers in his office at Jellico, was unable to find it. Thereupon the defendant moved to exclude the entire testimony of this witness, but the motion was overruled.

The defendant was then introduced as a witness in his own behalf. He denied that he had sold whiskey to any of the persons named within the time fixed in Whitley county, Kentucky. He testified that the only transaction he had ever had with Peace within twelve months occurred in the bowling alley. On this occasion Peace attempted to buy whiskey from him but he refused. Thereupon Peace took a bottle of whiskey from witness' pocket and handed it to a man by the name of Adkins. Adkins handed Peace 50 cents. Neither Peace nor Adkins ever paid witness anything for the liquor.

Other witnesses for the defendant testified that they were well acquainted with the location of the State line, which passed near the corner of the restaurant building and up the alley beside the building, and that a point on the sidewalk eight or ten feet back up the alley from the front of the building, and near the edge of the sidewalk, was in the State of Tennessee.

It will be observed from the foregoing statement of facts that the only person who testified to the fact that defendant, on his trial before the magistrate, stated that he had not, within twelve months prior to the issual of the warrant, sold any whiskey to W. A. Peace, James Lindsey, Tom Law, Isaiah Steely, or either of them, was Lay, the magistrate himself. It will also be seen that the only witness who testified to the sale to Peace was Peace himself, and that the only witness who testified to the alleged sale to James Lindsey was Lindsey himself. Under our rule, a defendant charged with false swearing is entitled to an acquittal, unless it be proven by two witnesses, or by one witness and strong corroborating circumstances. However, it is also the rule that while the uncontroverted evidence of one witness is not sufficient to convict one of false swearing, it is not necessary that the evidence, in addition to the one witness, shall be tantamount to another witness. It is sufficient that it is strongly corroborative of the evidence of the accusing witness. Therefore, where the

alleged false oath relates to two or more facts, and one witness contradicts the accused as to one fact and another witness as to another fact, the two witnesses corroborate each other in the fact that the accused swore falsely, and their testimony will authorize a conviction. Thus, in the case of Commonwealth v. Davis, 92 Ky., 460, the accused swore that he was not on a certain day at the house of either of two persons. Upon his trial for false swearing, each of the persons swore that he was at her house on that day. It was held that this testimony was sufficient to authorize a conviction of false swearing.

Another complaint is that incompetent evidence was admitted. Over the objection of the defendant the magistrate testified that defendant had been arrested on a warrant charging him with the illegal sale of whiskey. It is plain from the evidence that he still had the warrant in his possession. Subsequently the magistrate was recalled, and introduced a judgment reciting that the accused had been arrested on a warrant charging him with illegal sale of whiskey. The magistrate's court being a court of inferior jurisdiction, we do not think the mere recital in the judgment was sufficient to show that he had jurisdiction of the case. His jurisdiction depended on the issuance and service of the warrant, and the warrant not having been lost or destroyed should have been introduced in evidence. Partin v. Commonwealth, 154 Ky., 701.

Instruction No. 1 given by the trial court concludes with the following language:

"* * *, and fix his punishment at confinement in the penitentiary for an inderterminate period of not less than one year and not more than five years, in your discretion according to the proof, and you will say in your verdict the lowest number of years and the highest number of years that he shall be required to serve."

Clearly this language is misleading. The jury might have concluded therefrom that it was necessary for them to prescribe both the minimum and maximum punishment in years, when, as a matter of fact, they might have fixed both the minimum and maximum sentence at any time within the minimum and maximum fixed by the statute, just so there was an appreciable difference in time between the minimum and maximum sentence. The correct method of instructing with reference to the punishment under the indeterminate sentence law is

pointed out in the recent case of Biggs v. Commonwealth, 162 Ky., 103.

In instruction No. 2 the court used the following language:

"Before you can find the defendant guilty of the crime of 'false swearing' each element of the crime as set forth in the indictment and in the instructions must be proven beyond a reasonable doubt by the testimony of two witnesses or by the testimony of one witness and strong corroborative circumstances."

This instruction is not prejudicial nor is it subject to the criticism pointed out in Partin v. Commonwealth, *supra*. In that case the court used the clause "must be supported by" instead of the words "must be proven." However, we deem it the better practice to give this instruction in the form approved of in the case of Partin v. Commonwealth.

In this connection we also deem it proper to say that instruction No. 1 should be amended so as to avoid the appearance of assuming as true certain facts which the jury themselves are required to pass on, and determine adversely to the defendant before they can find him guilty.

We conclude that the indictment is sufficient. Judgment reversed and cause remanded for a new trial consistent with this opinion.