**UNITED STATES, Appellee,**

v.

**Franck K. BELIZAIRE, Seaman U.S. Navy, Appellant.**

No. 50,984.

NMCM 83 2859.

U.S. Court of Military Appeals.

July 6, 1987.

Certiorari Denied Oct. 13, 1987.
See 108 S.Ct. 235.

For Appellant: *Greg D. McCormack, Esq.* and *Lieutenant Daniel Lippman, JAGC, USNR.*

For Appellee: *Captain W.J. Hughes JAGC, USN* and *Captain David B. Stratton, USMC.*

Opinion of the Court

EVERETT, Chief Judge:

A military judge sitting alone as a general court-martial found Belizaire guilty of various offenses involving marijuana, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934, respectively, and sentenced him to a dishonorable discharge, confinement for 4 years, total forfeitures,* and reduction to the pay grade of E-1. The findings and sentence were approved by the convening authority. After a limited rehearing on the issue of adequacy of counsel, the Court of Military Review affirmed the trial results. We granted review of a multiplicity issue specified by the Court (20 M.J. 302) and also of this issue raised by counsel:

WHETHER APPELLANT'S CONSTITUTIONAL RIGHT TO TESTIFY IS SO FUNDAMENTAL AS TO REQUIRE THAT WAIVER OF SAID RIGHT BE VOLUNTARY, KNOWING, INTENTIONAL, AND A MATTER OF RECORD.

I

■ The specified issue concerned a specification alleging that appellant possessed 649.08 grams of marijuana on a certain date (specification 9 of Charge I) and another specification alleging his possession of an identical quantity of that substance on the same date with the intent to distribute it (Charge II and its specification). Obviously, the simple possession offense is included within the charge of possession with intent to distribute; and so it should be dismissed. *See United States v. Zupancic,* 18 M.J. 387, 388 (C.M.A. 1984).

---

* The action only permitted forfeiture of *pay* from the date the action was signed; forfeiture of allowances is only effective when the sentence is ordered executed. *See* Art. 57(a) and (c), Uniform Code of Military Justice, 10 U.S.C. § 857(a) and (c).

However, appellant is not entitled to relief as to sentence because of this action.

## II

■ Appellant claims now that, during the trial, he requested his counsel to let him testify in his own behalf but that counsel refused or failed to let him do so. In this connection, he emphasizes that, at trial, the military judge gave him no advice that he was entitled to testify. Accordingly, the defense contends that appellant's failure to testify resulted from his unawareness of his testimonial rights, so his conviction should be set aside to give him an opportunity to tell his side of the story at a rehearing.

The right to testify is constitutionally protected. See Brooks v. Tennessee, 406 U.S. 605, 612, 92 S.Ct. 1891, 1895, 32 L.Ed.2d 358 (1972); Ashe v. North Carolina, 586 F.2d 334 (4th Cir. 1978), cert. denied, 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979); Alicea v. Gagnon, 675 F.2d 913 (7th Cir. 1982). Moreover, in some instances it has been required that the record show that the failure to exercise a constitutional right was voluntary, knowing, and intentional. Cf. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

In some respects, it is desirable for an accused to be specifically advised by the military judge of his right to take the stand. In this way, little room will be left for a convicted accused to complain that he has been prejudiced by his counsel's negligence in failing to inform him that he could testify. Nonetheless, we are unconvinced that this Court should impose such a warning requirement.

Admittedly, warnings have sometimes been required in order to protect important constitutional rights. Thus, Congress enacted Article 31(b) of the Uniform Code of Military Justice, 10 U.S.C. § 831(b), so that servicemembers would be well aware that commanders or military investigators could not compel them to answer questions. However, not every right must be accompanied by specific advice as to its availability. For example, we do not require that a servicemember be advised of his right to represent himself at a trial by court-martial. United States v. Bowie, 21 M.J. 453 (C.M.A. 1986). Likewise, neither we nor the Supreme Court have required that a request for consent to search be accompanied by advice that the consent need not be given. United States v. Insani, 10 U.S.C.M.A. 519, 28 C.M.R. 85 (1959); Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

Both the Fifth Amendment and Article 31 reflect a concern that someone may be compelled to incriminate himself. However, we have not found any specific constitutional or statutory provision or any judicial precedent which indicates a worry that an accused will not be aware of his right to testify.

At common law, defendants in a criminal trial were incompetent to testify. See Washington v. Texas, 388 U.S. 14, 20, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967). As early as 1878, Congress abolished this disqualification in federal criminal trials and permitted a defendant to testify at his own request. 20 Stat. 30. See Benson v. United States, 146 U.S. 325, 336, 13 S.Ct. 60, 63, 36 L.Ed. 991 (1892). The incompetence of a criminal defendant to testify was carried forward in the law of only one state, see Ferguson v. Georgia, 365 U.S. 570, 81 S.Ct. 756, 5 L.Ed.2d 783 (1961), until the Supreme Court finally ruled this disqualification was unconstitutional. See generally Brooks v. Tennessee, supra, 406 U.S. at 612, 92 S.Ct. at 1895 ("Whether the defendant is to testify is an important tactical decision as well as a matter of constitutional right"); Washington v. Texas, supra, 388 U.S. at 20 n. 14, 87 S.Ct. at 1924 n. 14 ("We have discussed elsewhere the gradual demise of the common-law rule prohibiting defendants from testifying in their own behalf. See Ferguson v. Georgia," supra).

By now, we believe that most persons—both in the armed services and outside—are aware that they have a right to testify at their trial. In this regard, the risk of a misunderstanding is much less than the risk of a misunderstanding about the existence of a right to remain silent. Accord-

ingly, the need for a warning requirement is much less in the former situation than in the latter. This is especially true in a court-martial, where each accused is provided competent counsel, who advises him of his rights.

Occasionally, an accused will wish to testify, but his defense counsel will urge him not to do so. Under such circumstances, his attorney can only advise—not require. The choice belongs exclusively to the accused, rather than to his lawyer. However, we do not believe that requiring a warning can be justified as a means of assuring that the accused is made aware that he is not bound by his lawyer's advice. Instead, the absence of advice from the bench is simply a circumstance to be considered in determining whether an accused was prejudiced by any failure of his lawyer to inform him that he was free to take the stand.

### III

The decision of the United States Navy-Marine Corps Court of Military Review is reversed as to specification 9 of Charge I. The finding of guilty as to that specification is set aside, and that specification is dismissed. In all other respects, the decision below is affirmed.

Judges COX and SULLIVAN concur.