**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gustavo HOLGUIN,**
**Defendant–Appellant.**

**No. 86–2710.**

United States Court of Appeals,
Seventh Circuit.

Rehearing Granted and Decided
Feb. 15, 1989.

Ken DelValle, Chicago, Ill., Susan Philbrick, Oak Lawn, Ill., Joshua Sach, Nicholas A. DeJohn, Nicholas A. DeJohn Assoc., Ltd., Chicago, Ill., for defendant-appellant.

Helene B. Greenwald, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, COFFEY, and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

This matter is before the court on the government's petition for rehearing.[1] For the reasons set forth in this opinion we grant the petition for rehearing and affirm Mr. Holguin's conviction under the continuing criminal enterprise statute. We also find no merit to his contentions concerning the sentencing proceeding, an issue we found unnecessary to reach in our original opinion. In all other respects, our original opinion, reported at 860 F.2d 801, is reinstated.

### I.

■ In our original opinion, we determined that there was insufficient evidence to permit a jury to find that Mr. Holguin had supervised two of the seven persons who the government had contended were under his supervision. On the authority of *Yates v. United States*, 354 U.S. 298, 312, 77 S.Ct. 1064, 1073, 1 L.Ed.2d 1356 (1957), and *United States v. Holzer*, 840 F.2d 1343, 1352 (7th Cir.1988), we further held that Mr. Holguin's conviction could not stand. We also ordered that he be resentenced.

In its petition for rehearing, the government submits that *Yates* and *Holzer* do not apply to sufficiency of evidence claims such as those presented here. In its view, *Yates* and *Holzer* "are part of a long line of well-established authority holding that when a count in an indictment specifies more than one ground upon which a conviction on that count may be based, and one of those specific grounds is unconstitutional or otherwise legally deficient, then a general verdict of guilty on that count must be reversed if the reviewing court is unable to

---

1. By notice dated December 8, 1988, this court ordered counsel for the appellant to file a response to the government's petition for rehearing by December 22, 1988. Nothing was filed by that date. Two weeks after the deadline, counsel filed a motion for extension of time to file an answer. Counsel's motion consisted of three sentences which merely stated that he needed an extension of time, that he did not see the December 8, 1988 notice until January 2, 1989, and that he requested a thirty-day extension of time to answer the Government's petition for rehearing.

By order of January 6, 1989, we informed counsel that his motion was "totally inadequate to justify an extension of time in this situation. The motion was not accompanied by the required affidavit or the factual specificity required of such motions by Circuit Rule 26." We therefore denied the motion for extension of time and directed counsel to file, by January 13, 1989, "a more detailed and comprehensive motion and affidavit which complies with all provisions of Circuit Rule 26." Counsel did not comply with this order.

tell whether the jury relied on the impermissible ground in reaching its verdict." Petition for Rehearing at 2. By contrast, submits the government, this case is not a situation where the jury's general verdict may have been based on a ground that is unconstitutional or otherwise legally deficient. Rather, it is a case where the jury's verdict may have been based on insufficient evidence as to a matter that the government was not required to prove—the identity of the five or more persons organized by the defendant.[2] In short, the government submits that, even if there was insufficient evidence that two people allegedly controlled by the defendant actually were controlled by him, there still was sufficient evidence that five persons were controlled by the defendant. We are obliged to view the evidence in the light most favorable to the government. When the evidence is reviewed in that light, it is clear that there was sufficient evidence to establish that five people were controlled by the defendant.

We believe that there is merit to this submission. The government can, as it claims, find general support for its position

in *Turner v. United States*, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).[3] Relying on *Turner*, the Ninth Circuit has held in several cases that *Yates* does not apply to insufficiency of evidence claims. *See, e.g., United States v. Halbert*, 640 F.2d 1000, 1008 (9th Cir.1981); *United States v. Phillips*, 606 F.2d 884, 886 n. 1 (9th Cir. 1979), *cert. denied*, 444 U.S. 1024, 100 S.Ct. 685, 62 L.Ed.2d 657 (1980); *United States v. Jessee*, 605 F.2d 430, 431 (9th Cir.1979); *United States v. Outpost Dev. Co.*, 552 F.2d 868, 869–70 (9th Cir.), *cert. denied*, 434 U.S. 965, 98 S.Ct. 503, 54 L.Ed.2d 450 (1977). While the cases in this circuit are not as clear, this court has expressed general agreement with the position of the Ninth Circuit. *See United States v. Soteras*, 770 F.2d 641, 646 (7th Cir.1985); see also *United States v. Reicin*, 497 F.2d 563, 569 (7th Cir.), *cert. denied*, 419 U.S. 996, 95 S.Ct. 309, 42 L.Ed.2d 269 (1974). There is also passing comment on the matter in *United States v. Keplinger*, 776 F.2d 678, 687 (7th Cir.1985), *cert. denied*, 476 U.S. 1183, 106 S.Ct. 2919, 91 L.Ed.2d 548 (1986).[4]

We believe that these cases must control the outcome here.[5] On this appeal, we

---

**2.** *See United States v. Bond*, 847 F.2d 1233, 1237–38 (7th Cir.1988); *United States v. Markowski*, 772 F.2d 358, 364 (7th Cir.1985), *cert. denied*, 475 U.S. 1018, 106 S.Ct. 1202, 89 L.Ed.2d 316 (1986). *Accord United States v. Tarvers*, 833 F.2d 1068, 1073–75 (1st Cir.1987).

**3.** "The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, as Turner's indictment did, the verdict stands if the evidence is sufficient with respect to any one of the acts charged." 396 U.S. at 420, 90 S.Ct. at 654.

**4.** In *Keplinger*, the court cited with approval the Ninth Circuit's opinion in *United States v. Outpost Development Co.*, 552 F.2d 868, 869–70 (9th Cir.), *cert. denied*, 434 U.S. 965, 98 S.Ct. 503, 54 L.Ed.2d 450 (1977).

**5.** On occasion, a trial judge will instruct the jury that, with respect to a series of acts charged in one count, a finding that the defendant did any one of the enumerated acts warrants a verdict of guilty on that count. When this "one is enough" instruction (or a variation, e.g., "two is enough") is given, an appellate court must review each of the allegations to see if there was sufficient evidence for each allegation. *See United States v. Berardi*, 675 F.2d 894, 902 (7th Cir.1982); *see also United States v. Brown*, 583

F.2d 659, 669 (3d Cir.1978), *cert. denied*, 440 U.S. 909, 99 S.Ct. 1217, 59 L.Ed.2d 456 (1979); *United States v. Moynagh*, 566 F.2d 799 (1st Cir.1977), *cert. denied*, 435 U.S. 917, 98 S.Ct. 1475, 55 L.Ed.2d 510 (1978); *United States v. Natelli*, 527 F.2d 311 (2d Cir.1975), *cert. denied*, 425 U.S. 934, 96 S.Ct. 1663, 48 L.Ed.2d 175 (1976). *See generally United States v. Anderson*, 809 F.2d 1281, 1284–85 (7th Cir.1987). We are not confronted with such a situation in this case. Here, the indictment did not allege the names of the individuals with whom Mr. Holguin allegedly worked. Moreover, "[i]t has been consistently held that it is sufficient in a continuing criminal enterprise charge if the indictment tracks the statute." *United States v. Amend*, 791 F.2d 1120, 1125 (4th Cir.), *cert. denied*, 479 U.S. 930, 107 S.Ct. 399, 93 L.Ed.2d 353 (1986). *See also United States v. Bond*, 847 F.2d 1233, 1237 (7th Cir.1988); *United States v. Sperling*, 506 F.2d 1323, 1344 (2d Cir.1974), *cert. denied*, 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975). Without objection, the jury was simply instructed that it had to find that Mr. Holguin supervised five or more persons. This instruction was proper. It was not necessary for the jury to identify five specific individuals as the subjects of Mr. Holguin's supervision. *See Bond*, 847 F.2d at 1237–38; *United States v. Markowski*, 772 F.2d 358, 364 (7th Cir.1985),

must view the evidence in the light most favorable to the government. There was sufficient evidence for the jury to conclude that the defendant carried on his illegal activities in concert with five or more persons. That determination ends our inquiry.

## II.

Having affirmed Mr. Holguin's conviction, we now must address his challenges to the sentencing proceeding. In our earlier opinion, we found it unnecessary to reach this issue. Mr. Holguin contends that the district court committed two errors in sentencing him. First, he submits, the court denied defense counsel adequate time to review the government's presentence report and rebut the government's version of the facts. Second, he asserts that the court relied on two impermissible criteria in sentencing him: (1) consideration of his national origin, and (2) the fact, allegedly unsupported by the record, that he was on bail from a state court criminal proceeding at the time he committed the offenses for which he was being sentenced.

cert. denied, 475 U.S. 1018, 106 S.Ct. 1202, 89 L.Ed.2d 316 (1986); see also United States v. Tarvers, 833 F.2d 1068, 1073–75 (1st Cir.1987); United States v. Raffone, 693 F.2d 1343, 1347–48 (11th Cir.1982), cert. denied, 461 U.S. 931, 103 S.Ct. 2094, 77 L.Ed.2d 303 (1983).

**6.** At the sentencing hearing, Mr. Holguin's counsel objected to the characterization of Mr. Holguin's involvement in the cocaine business contained in the government's version of the facts. Specifically, Mr. Holguin objected to the government's alleged assertions that he had purchased, or had the ability to purchase, 200 kilograms of cocaine, that he had purchased, or had the ability to purchase 700 kilograms of cocaine, and that he had delivered 10 kilograms of cocaine to Mr. Castrellon. See Tr. of Oct. 10, 1986 at 60. Although these allegations were contested at the sentencing hearing, Mr. Holguin has not argued on appeal that they constitute "materially false" information upon which the district court impermissibly relied. It is not altogether clear that the defendant adequately preserved any objection. Tr. of Oct. 10, 1986 at 62–63. Moreover, two of these objections were explicitly resolved by the district court during the sentencing hearing. The government had asserted that Mr. Holguin had purchased 200 kilograms of cocaine on the basis of a taped conversation in which Mr. Holguin stated that he had "made a

### A. Adequate Time to Review the Presentence Report

■ Mr. Holguin's first contention is that defense counsel "was first permitted to view a pre-sentence report which included the prosecutor's version of the facts on the morning of October 10, 1986 several minutes prior to sentencing." Holguin's Br. at 103. He contends that the government's version of the facts contained "materially false" factual statements that "screamed for rebuttal." [6] However, his motion for a continuance was denied. As a result, he contends, the district court deprived him of due process of law. The government contends that defense counsel viewed the government's version of the facts on the night before sentencing. The government also submits that the court, in denying the motion for continuance, noted that Mr. Holguin's counsel had an opportunity to view the government's version even sooner than that.

The record supports the contentions of the government. Mr. Holguin's counsel admitted on the morning of the sentencing hearing that he "first got to see the

deal for 200 units." See Tr. of October 10, 1986 at 57. The district court concluded that, in this context, units could mean kilos. Id. at 61. Mr. Holguin's principal objection related to the government's assertion that he had delivered 10 kilograms of cocaine to Mr. Castrellon. This assertion was based upon a statement by Mr. Castrellon, in which he told a third party that he had "had a little problem with ten little ones" that had been given to him by "another man." The government asserted that this man was Mr. Holguin. Id. at 55–56. The district court, however, clearly indicated that it would not be relying on the government's characterization of the statement. The court explained that, "at least in a sentencing consideration this particular item is not of great moment." Id. at 62. Mr. Holguin's counsel then responded, "If it is not of great moment to you, then that is it," and noted that this issue had been his "primary concern." On appeal, Mr. Holguin has not argued that the district court's resolution of his objections failed to satisfy the requirements of Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure. See, e.g., United States v. Moran, 845 F.2d 135, 138–39 (7th Cir.1988) (district court's failure to attach a written record of its findings to the presentence report is a "ministerial matter" that can be remedied without resentencing by attaching transcript of sentencing proceeding to presentence report).

Government's version of the facts in this case last night." Tr. of Oct. 10, 1986 at 10. In addition, although the government was "rather late" in formulating its version of the facts, the district court, in denying Mr. Holguin's motion for a continuance, explained that defense counsel "could have seen it sooner than last night." *Id.* Indeed, the court noted that the government's version was dated October 2, 1986—eight days prior to the sentencing hearing. We also note that, during the proceedings, the court specifically asked the defendant if he had seen the report and had an opportunity to discuss it with counsel. Tr. of Oct. 10, 1986 at 63. The defendant answered in the affirmative.

At the time it ruled on this matter, the district court had presided over this trial for many days and was thoroughly familiar with the record. Therefore, it was in a unique position to assess the merits of counsel's request for additional time. We find nothing in the record that would justify our disagreement with its ruling.

### B. *Improper Considerations in Sentencing*

Mr. Holguin next argues that the district court relied on impermissible criteria in sentencing him. Mr. Holguin specifically addresses two such impermissible criteria: (1) reliance on his national origin—Colombian, and (2) reliance on the government's allegation that he was on bail from a state court prosecution when the offenses for which he was being sentenced were committed.

7. While we have concluded that Mr. Holguin has waived this argument, it should be noted that the district court's consideration of Mr. Holguin's nationality was not improper in this case. While explaining the sentence that it was imposing on Mr. Holguin, the district court stated that, "in [its] view,"

> Mr. Holguin was a substantial drug dealer. Mr. Holguin is a Colombian and there isn't any secret that while it may not necessarily be grown in Colombia, most of our cocaine comes from Colombia and there isn't much doubt in my mind, based on the evidence, that Mr. Holguin had some access to the major, major figures in Colombia with access to much cocaine and he was instrumental in its importation.

1.

We must reject Mr. Holguin's contention that the district court improperly considered his nationality as a factor in sentencing. Our review of the sentencing hearing transcript clearly indicates that no objection was made at the sentencing hearing when the government referred to Mr. Holguin as "a Colombian." Tr. of Oct. 10, 1986 at 49. Such a failure to raise an issue before the district court results in a waiver of that issue on appeal. *United States v. Peak*, 856 F.2d 825, 830 (7th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 499, 102 L.Ed.2d 535 (1988); *United States v. Carter*, 720 F.2d 941, 945 (7th Cir.1983); *see also United States v. Turner*, 864 F.2d 1394, 1399 (7th Cir.1989) (per curiam).[7]

2.

Mr. Holguin's final contention is that nothing in the record substantiates the district court's reliance on the government's allegation that he was on bail for a drug offense in state court while the offenses at issue in this case were being committed. The government contends that the information is contained in the presentence report and that Mr. Holguin did not object to it at the sentencing hearing. Our review of the transcript reveals that Mr. Holguin did not object to the government's allegation when it was made, *see* Tr. of Oct. 10, 1986 at 48, and thus, this issue is also waived on appeal.

### Conclusion

The government's petition for rehearing is granted, and Mr. Holguin's conviction

Tr. of Oct. 3, 1986 at 20. In *United States v. Gomez*, 797 F.2d 417 (7th Cir.1986), we explicitly held that, absent a showing that the sentence imposed was harsher solely because of the defendant's national origin, a district court has wide discretion—reviewable under a "gross abuse" of discretion standard—to consider "the identity of the countries which are recognized as often the source of the narcotic problems of this country and from which drug traffickers immigrate to this country." 797 F.2d at 420. This is precisely what the district court did here. Mr. Holguin has not shown any "gross abuse" of the court's discretion.

under the continuing criminal enterprise statute is affirmed. We reject Mr. Holguin's challenges to the sentencing proceedings and affirm his sentence. Our original opinion is reinstated in all other respects.