891 F.2d 287
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven A SILVERS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary M. SILVERS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
George CHACONAS, a/k/a Little George, Defendant-Appellant.
 Nos. 88-5560, 88-5561 and 88-5562.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 9, 1989.
Decided: Nov. 17, 1989.
Rehearing and Rehearing In Banc Denied Dec. 19, 1989.
 
 Roy E. Black (Marisa Tinkler Mendez, Black & Furci, P.A., on brief), David Beckham Irwin (Irwin, Kerr, Green, McDonald & Dexter, on brief), Robert Thomas Durkin, Jr., for appellants.
 Andrew George Warrens Norman, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, Gregory Welsh, Assistant United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Steven Silvers, Gary Silvers, and George Chaconas were found guilty of charges stemming from their distribution of cocaine. The defendants appeal. For the reasons discussed below, we affirm the judgments of conviction of the defendants.
 
 I.
 
 2
 In September 1987 Steven Silvers, Gary Silvers, and George Chaconas were indicted in the District of Maryland. All three were charged with conspiracy to possess with the intent to distribute cocaine. Steven Silvers also was charged with engaging in a continuing criminal enterprise, with distribution of cocaine, and with using interstate travel in aid of racketeering. Gary Silvers also was charged with distribution of cocaine and with using interstate travel in aid of racketeering.
 
 
 3
 After a six-week trial, the jury found the defendants guilty on all charges. Steven Silvers was sentenced to 35 years in prison, Gary Silvers was sentenced to 10 years in prison, and George Chaconas was sentenced to 15 years in prison and fined $25,000.
 
 II.
 
 4
 First, the appellants argue that the district court should have granted a mistrial when it learned that a courtroom spectator asked a juror, "Do you think that George [Chaconas] is going to get some time?" We hold that the district court acted properly in refusing to grant the defendants' motion for a mistrial. The record reflects that upon learning of this spectator-juror communication, the court notified counsel for both sides and entertained their suggestions to rectify the situation. The attorneys agreed that the court should conduct a voir dire of the jury. In the presence of counsel, the court conducted a very thorough examination of each juror, and each said that the spectator's remarks would have no bearing on his or her deliberations. In sum, the district court acted in a diligent manner and did not abuse its discretion when it denied the defendants' motion for a mistrial. See United States v. Pennell, 737 F.2d 521, 534 (6th Cir.1984), cert. denied, 469 U.S. 1158 (1985); United States v. Crisco, 725 F.2d 1228, 1233 (9th Cir.), cert. denied, 466 U.S. 977 (1984); United States v. Fleming, 594 F.2d 598, 608 (7th Cir.), cert. denied, 422 U.S. 931 (1979); compare Stockton v. Commonwealth of Virginia, 852 F.2d 740, 741 (4th Cir.1988), cert. denied, 109 S.Ct. 1354 (1989) (restauranteur's comment to dining jurors that "they ought to fry the son of a bitch" had sufficient prejudicial impact on jury's deliberations regarding whether to impose a life or death sentence on defendant to merit vacation of defendant's death sentence).
 
 III.
 
 5
 Appellant Steven Silvers argues that the district court erred in denying his request for a special verdict form for the jury that would have required the jury to specifically name the five people it found he organized, managed, or supervised in order to fulfill an element of the continuing criminal enterprise charge against him. In support of his argument, Steven Silvers relies on United States v. Alvarez, 860 F.2d 801, 817-818 (7th Cir.1988). We would note, however, that the Seventh Circuit recently modified that part of Alvarez on which he relies. United States v. Holquin, 868 F.2d 201, 202-204 (7th Cir.1989).
 
 
 6
 We also would note that the government is not required to prove the identity of five or more individuals he organized. See, e.q., United States v. Cole, 857 F.2d 971, 973 n. 1 (4th Cir.1988), cert. denied, 109 S.Ct. 1351 (1989) (appellant's claim that the trial court erred by not requiring the jury to return a special interrogatory on the continuing criminal enterprise count that listed the individuals whom he organized found to be without merit); see also United States v. Bond, 847 F.2d 1233, 1237-38 (7th Cir.1988); United States v. Jackson, 879 F.2d 85, 89-90 (3d Cir.1989). Appellant Steven Silver's assignment of error is without merit.
 
 IV.
 
 7
 Additionally, appellant Steven Silvers argues that evidence presented at trial was insufficient to show that he organized, managed, or supervised five or more individuals, as required by 21 U.S.C. § 848. This argument is wholly without merit. At trial, Raymond Carnahan, Charles Hamilton, and John Gerald Gerant testified that they were supervised by Steven Silvers. In addition, Marshall Jones testified that Darryl Hughes, Gary Silvers, and Guy Varron also worked for Steven Silvers as couriers.
 
 
 8
 It is well settled that evidence must be viewed in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942). We hold that there was sufficient evidence presented at trial to support Steven Silvers' conviction pursuant to the continuing criminal enterprise charge.
 
 V.
 
 9
 Lastly, appellant Gary Silvers claims that the trial court erred in denying his motion to dismiss charges against him based upon double jeopardy and collateral estoppel grounds. At oral argument, counsel focused on the collateral estoppel claim; we therefore will do the same here.
 
 
 10
 Appellant Gary Silvers contends that Counts 2 and 17 of the Virginia indictment are the same offenses that constitute his conviction pursuant to Counts 4 and 12 of the Maryland indictment.[1] A comparison is necessary of the factual circumstances from which the two indictments stem. First, the interstate travel alleged in the Virginia indictment alleges travel from Florida to Virginia; the Maryland charge refers to travel in Maryland. Obviously, different evidence would have to be presented to prove the charges of the respective indictments. At trial, the government presented evidence that Gary Silvers had traveled from Virginia to Maryland--thus it presented evidence different from that used to prove the Travel Act violation alleged in the Virginia indictment. Moreover, we note that each separate act of interstate travel and each use of an interstate facility constitutes a separate punishable offense. United States v. Alsobrook, 620 F.2d 139, 142 (6th Cir.), cert. denied, 449 U.S. 843 (1980).
 
 
 11
 At oral argument, appellant Gary Silvers relied heavily on United States v. Salamone, 869 F.2d 221 (3d Cir.1989), to buttress his collateral estoppel claim, but we believe that Salamone is inapposite to the present case. In Ashe v. Swenson, 397 U.S. 436 (1970), the Supreme Court explained that collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." 397 U.S. at 442. In the present case, there were no ultimate factual issues decided in the trial in the Eastern District of Virginia. Indeed, the district court merely stated that it did not believe that the government had met its burden of proof, and therefore had to declare Gary Silvers not guilty of the Virginia charges. A review of the record in this case indicates that there was no ultimate finding or issue of fact relitigated in the Maryland trial.
 
 
 12
 We have reviewed the appellants' other claims and we hold them to be wholly meritless. Accordingly, the judgments of conviction of the appellants are
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Counts 2 and 17 of the Eastern District of Virginia indictment respectively alleged that on July 7, 1982, in the Eastern District of Virginia, Gary Silvers violated the Travel Act and possessed with intent to distribute 396.5 grams of cocaine. Counts 4 and 12 of the Maryland indictment respectively alleged that on July 7, 1982 Gary Silvers distributed cocaine