929 F.2d 695
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mary Jane FIGGANS, Defendant-Appellant.
 No. 90-5846.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1991.
Decided March 28, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Robert R. Merhige, Jr., Senior District Judge. (CR-90-30)
 Homer Alan Speaker, Sanders & Speaker, Martinsburg, W.Va., for appellant.
 William A. Kolibash, United States Attorney, Thomas Oliver Mucklow, Assistant United States Attorney, Wheeling, W.Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Mary Jane Figgans pled guilty to possession with intent to distribute cocaine base (21 U.S.C. Sec. 841) and appeals the sentence she received, alleging that it was error to increase her base offense level for possession of a gun during the offense without a finding that she possessed it "intentionally, recklessly or by criminal negligence." We affirm.
 
 
 2
 Figgans lived with a drug dealer at the time of the offense and occasionally distributed drugs for him. In a search of the trailer where they lived in October 1989, drugs, a large amount of cash and a firearm were found. Later that month, a search of a local motel room occupied by Figgans produced traces of drugs, a large amount of cash and a firearm.
 
 
 3
 On October 8, 1989, the date of the offense to which Figgans pled guilty, U.S.S.G. Sec. 1B1.3(a)(3) (relevant conduct) contained the qualification that harm or risk of harm resulting from the defendant's acts should be treated as relevant conduct only if "the harm or risk of harm was caused intentionally, recklessly or by criminal negligence." In amendments effective on November 1, 1989, the requirement of scienter was removed. At her sentencing in June 1990, Figgans made no mention of a lack of scienter although she objected to the enhancement for the presence of a gun on other grounds. The government offered no evidence on scienter and the district court made no finding that Figgans knowingly possessed the gun.
 
 
 4
 On appeal, Figgans raises the scienter claim for the first time. However, we will not address matters not presented to the district court; Figgans waived the issue of scienter by failing to raise it at the sentencing hearing. See United States v. Holguin, 868 F.2d 201 (7th Cir.), cert. denied, 110 S.Ct. 97 (1989). Therefore, it is not properly raised on appeal and we do not reach it.
 
 
 5
 We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.