948 F.2d 1283
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carson E. McCABE, Defendant-Appellant.
 No. 91-5787.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 7, 1991.
Decided Nov. 26, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-90-72-CR-3)
 William E. Martin, Federal Public Defender, Randolph B. Monchick, Assistant Federal Public Defender, Raleigh, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Maura A. Fennelly, Special Assistant United States Attorney, Fort Bragg, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before K.K. HALL, PHILLIPS and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Carson McCabe pled guilty to driving while impaired (18 U.S.C. § 13 (1988) assimilating N.C.Gen.Stat. § 20-138.1 (Michie 1990)) on Ft. Bragg in North Carolina and received the maximum sentence of one year from a United States magistrate judge, with the recommendation that he be incarcerated at FCI-Butner to receive alcohol and substance abuse treatment. He appealed his sentence to the district court, arguing that he should have been sentenced under the sentencing guidelines, that there is an analogous guideline to driving while impaired, and that his sentence was unreasonable. The district court affirmed the sentence and Harrison appeals to this Court on the same grounds.[1] We affirm.
 
 
 2
 Under U.S.S.G. § 2X5.1, if there is no guideline for a particular offense, the most analogous guideline should be used. If there is no analogous guideline, the sentencing court should impose an appropriate sentence in keeping with the purposes set forth in 18 U.S.C. § 3553(a)(2) (West 1985 & Supp.1991).[2] McCabe made no objection on the record to the district court's determination of the sentence. On appeal he asserts that his attorney made an objection in a bench conference which was not transcribed; however, the objection concerned only the severity of the one-year sentence. McCabe does not contend that counsel objected to the magistrate judge's failure to sentence him under the guidelines. Therefore, the issue has not been preserved for review. United States v. Holguin, 868 F.2d 201 (7th Cir.), cert. denied, 58 U.S.L.W. 3214 (U.S.1989). Moreover, it does not appear that plain error occurred because neither the offense guidelines suggested by McCabe[3] nor any other offense covered by the guidelines are sufficiently analogous to driving while impaired to be used in calculating his sentence.
 
 
 3
 Review of a sentence imposed for an offense for which there is no sentencing guideline is limited to whether the sentence was imposed in violation of law or is plainly unreasonable. Because McCabe's sentence was within the limits prescribed by the state statute, it was not imposed in violation of law. United States v. Young, 916 F.2d 147 (4th Cir.1990). McCabe argues that the sentence is plainly unreasonable because:
 
 
 4
 (1) the magistrate gave no reason for imposing it;
 
 
 5
 (2) he estimates he would have a guideline range of 0-7 months if he were sentenced under the guidelines;
 
 
 6
 (3) only the "most heinous" state defendants get the maximum sentence, and parole is available to them;
 
 
 7
 (4) most state driving while impaired convictions in which a prison term is imposed are sentences of less than seven months;
 
 
 8
 (5) his completion of a five-day detoxification program is a mitigating factor.
 
 
 9
 McCabe's driving record shows that his license has been revoked for "Failure to appear or comply with sanctions" and for "Failure to complete A & D school." His retained attorney sought and was granted leave to withdraw because of his client's uncooperative attitude. Further, while McCabe was on pretrial release prior to entering his guilty plea, his family found him passed out in his truck and called the police, fearing he had overdosed on Valium and alcohol. He informed Pretrial Services the next morning that he had consumed a quart of beer the night before, although one of the conditions of his release was that he abstain from excessive use of alcohol. It was because of this conduct that he was referred to the detoxification program, which he argues should have been a mitigating factor to balance his 1987 conviction for driving while impaired.[4] Given these facts, the maximum sentence of one year was not plainly unreasonable.[5]
 
 
 10
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 A sentence imposed by a magistrate may be appealed to the district court. 18 U.S.C. § 3742(g) (West 1985 & Supp.1991). We have jurisdiction to review the district court judgment under 28 U.S.C. § 1291 (1988). See United States v. Van Fossan, 899 F.2d 636 (7th Cir.1990)
 
 
 [2]
 18 U.S.C. § 3553(a)(2) provides that in determining sentence the court shall consider the need for the sentence imposed:
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant;
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
 
 
 [3]
 McCabe suggests § 2D2.1 (Unlawful Possession of a Controlled Substance or § 2A2.3 (Minor Assault)
 
 
 [4]
 McCabe also was convicted for driving under the influence in 1983. Thus, this most recent conviction was his third conviction for this type of offense
 
 
 [5]
 The parties engage in differing characterization of the events transpiring at an unrecorded bench conference during sentencing. We need not, and do not, resolve this dispute to reach our conclusion that the sentence imposed was not unreasonable