953 F.2d 641
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daryl E. SPENCER, Defendant-Appellant.
 No. 90-5536.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 26, 1991.
Decided Jan. 15, 1992.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston, No. CR-90-117-2, Charles H. Haden, II, Chief District Judge.
 James M. Bradley, Albright, Bradley & Ellison, Parkersburg, W.Va., for appellant.
 Michael W. Carey, United States Attorney, Jacquelyn I. Custer, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Daryl E. Spencer pled guilty to distribution of crack cocaine in violation of 21 U.S.C.A. § 841 (West 1981 & Supp.1991). He appeals the sentence he received and we affirm.
 
 
 2
 Spencer claims on appeal that in determining his offense level the district court incorrectly considered evidence of prior drug transactions which were not part of the same course of conduct as the current offense. Spencer did not make this objection at sentencing. Although he objected to the inclusion of previous drug transactions as relevant conduct, the ground for his objection was that the evidence of his prior drug dealing was unreliable. The district court correctly resolved that issue, but was not asked to decide whether the prior drug deals were part of the same course of conduct. Appellate review of this question has therefore been waived. United States v. Tibesar, 894 F.2d 317, 319 (8th Cir.), cert. denied, 59 U.S.L.W. 3245 (U.S.1990); United States v. Holguin, 868 F.2d 201, 205 (7th Cir.), cert. denied, 58 U.S.L.W. 3214 (U.S.1989). Moreover, we do not find that consideration of Spencer's previous criminal activity was plain error. Fed.R.Crim.P. 52(b).
 
 
 3
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.