979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gustavo D. HOLGUIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-3276.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 18, 1992.*
Decided Nov. 19, 1992.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 91 C 3169; Charles P. Kocoras, Judge.
 
 
 1
 N.D.Ill.,
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 A jury convicted Gustavo Holguin of several offenses, including conspiracy to distribute narcotics, 21 U.S.C. § 846, and participation in a continuing criminal enterprise (CCE), 21 U.S.C. § 848. Holguin appealed and this court initially reversed the CCE conviction for insufficient evidence, United States v. Alvarez, 860 F.2d 801, 817-18 (7th Cir.1988), but reinstated the conviction on rehearing. United States v. Holguin, 868 F.2d 201 (7th Cir.1989).
 
 
 4
 Holguin has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He first claims that his convictions and sentences for both conspiracy and CCE violated his double jeopardy and due process rights. The sentences for these convictions were concurrent: 20 years for the conspiracy and 30 years for the CCE.
 
 
 5
 The Fifth Amendment's double jeopardy clause does not prohibit convictions for both conspiracy and CCE. United States v. Bond, 847 F.2d 1233, 1238 (7th Cir.1988) ("It is not illogical to convict a person of both agreeing to do something (§ 846) and succeeding on a grand scale (§ 848).") Sentences for both crimes are permissible so long as they are concurrent and the defendant is not subjected to cumulative punishment. United States v. Bafia, 949 F.2d 1465, 1473 (7th Cir.1991). Cumulative punishment is punishment exceeding the maximum allowed under the CCE statute. Id., citing Bond, 847 F.2d at 1239. Here the conspiracy and CCE convictions were concurrent and the CCE sentence of 30 years did not exceed the maximum available (life imprisonment). 21 U.S.C. § 848(a). Thus there was no double jeopardy or due process violation.
 
 
 6
 Holguin also contends that his attorney was ineffective both at trial and on appeal. He first alleges that the attorney, Ken Del Valle, failed to cross-examine witnesses effectively or to adequately challenge the government's failure to prove certain elements of the CCE charge. In truth Del Valle did argue that the government failed to prove the CCE charge and diligently cross-examined witnesses. Next, Holguin charges Del Valle with ineffectiveness on appeal, again claiming he failed to challenge the proof of the CCE claim. This court's thorough discussion of that issue on Holguin's direct appeal--including references to Del Valle's arguments--proves him wrong. See Alvarez, 860 F.2d at 812-18. As to the claim that Del Valle caused this court to reinstate the CCE conviction when he neglected to respond to the motion for rehearing, it is clear that the panel changed its mind after reviewing the law, not because Del Valle failed to respond to the court's notice. See Holguin, 868 F.2d at 202-204. Another claim of ineffectiveness arises from Del Valle's failure to have the indictment dismissed on speedy trial grounds. Because the court correctly rejected the speedy trial claim on Holguin's direct appeal, Alvarez, 860 F.2d at 821-22, this failure caused no prejudice. Finally, Holguin claims Del Valle was ineffective at sentencing. This claim fails because Del Valle adequately addressed the issues that Holguin claims he neglected.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record