33 F.3d 56
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Felicia A. DOTHARD, Defendant/Appellant.
 No. 93-3446.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1994.*
Decided Aug. 10, 1994.
 
 Before RIPPLE, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 On the evening of November 17, 1992, Felicia Dothard was seated on the living room couch at a friend's residence when the Emergency Services Team of the Fort Wayne Police Department executed a search warrant for crack cocaine.[1] The officers secured Dothard by handcuffing her in a prone position on the floor. In doing so, the officers moved an upholstered chair under which they discovered a .38 revolver. Once Dothard was on the floor, a second firearm was found in front of the couch on Dothard's left side near her waist. Three additional firearms, all loaded, were found throughout the residence. The search also revealed two bags of crack cocaine and $25 or $30 in folded bills in the center of the sofa and a third bag of crack cocaine, money and a pager on a bookcase across the room.
 
 
 2
 Dothard was charged with and pled guilty to knowingly and intentionally possessing with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. Sec. 841(a)(1). In the same indictment, Dothard was charged with, and found guilty of, knowingly using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1). Dothard was sentenced to consecutive sixty month terms of imprisonment on each count. Dothard appeals the sufficiency of the evidence with respect to count 2, the Sec. 924(c) offense.
 
 
 3
 Because Dothard pled guilty to a violation of Sec. 841(a)(1), which serves as a predicate offense to a violation of Sec. 924(c), the government was required to prove only two elements: "(1) that the defendant used or carried the firearm, and (2) that this use or carrying was during and in relation to a drug offense." United States v. Woods, 995 F.2d 713, 717 (7th Cir.1993).[2]
 
 
 4
 An appellant who challenges a conviction on the basis of insufficient evidence bears a "heavy burden" in overturning the verdict on appeal. United States v. Nesbitt, 852 F.2d 1502, 1509 (7th Cir.1988), cert. denied, 488 U.S. 1015 (1989). The evidence, together with all reasonable inferences that can be drawn therefrom, must be viewed in the light most favorable to the government. United States v. Gonzalez, 933 F.2d 417, 436 (7th Cir.1991). This court will not reweigh the evidence or assess the credibility of the witnesses. United States v. Caudill, 915 F.2d 294, 297 (7th Cir.1990). We shall affirm the verdict unless there is no evidence from which the fact finder could find guilt beyond a reasonable doubt. United States v. Villagrana, 5 F.3d 1048, 1051 (7th Cir.1993).
 
 
 5
 Guns are recognized tools of the drug trafficking trade. United States v. Alvarez, 860 F.2d 801, 830 (7th Cir.1988), modified, 868 F.2d 201, cert. denied, 490 U.S. 1051 (1989). However, mere possession of a firearm is not sufficient to sustain a conviction under Sec. 924(c). Villagrana, 5 F.3d at 1051. There must be "some relation or connection between the underlying criminal act and the use or possession of the firearm." United States v. Rosado, 866 F.2d 967, 970 (7th Cir.), cert. denied, 493 U.S. 837 (1989) (citations omitted). This requirement is fulfilled where the dealer has placed the gun so as to be accessible during the drug transaction. See United States v. Woods, 995 F.2d 713, 718 (7th Cir.1993) (carrying a gun to protect drugs or money unquestionably constitutes use under Sec. 924(c)); United States v. Ocampo, 890 F.2d 1363, 1371 (7th Cir.1989) (interpreting term using broadly to include "the possession of a firearm which in any manner facilitates the execution of a felony").
 
 
 6
 Here, Dothard had one of the loaded firearms immediately next to the couch where she sat and on which she placed the drugs. Also, the gun was in plain view. Thus, the gun served both as a means by which Dothard could defend the drug operation and, because it was in plain view, as a deterrent to anyone who contemplated interfering with the operation. Additionally, another handgun, also loaded, was strategically located immediately nearby. See United States v. Boykins, 9 F.3d 1278, 1284 (7th Cir.1993) (holding that evidence was sufficient to sustain conviction under Sec. 924(c) where defendant was apprehended from the front passenger seat of a van that he did not own and a loaded revolver was found on the floor beside him and another revolver was found under the seat behind him); United States v. Wilson, 938 F.2d 785, 791 (7th Cir.1991) (holding that weapon in trunk on top of bag containing cocaine was strategically located so as to be quickly and easily available for use during drug transaction), cert. denied, 112 S.Ct. 946 (1992); cf. United States v. Willoughby, No. 92-3611, slip op. at 3 (7th Cir. June 17, 1994) (noting that an accessible weapon serves to protect the defendant's illicit and valuable inventory).
 
 
 7
 The evidence is more than sufficient for the jury to have found the elements of the Sec. 924(c) violation. The handgun was loaded, in plain view, and strategically located next to the crack cocaine and to the dealer, Dothard. Viewing this evidence in the government's favor, and not reweighing the jury's assessment of Dothard's credibility, we hold the evidence sufficient to support a finding of guilt beyond a reasonable doubt.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Because of the risk entailed in executing drug search warrants, the Fort Wayne Police Department utilizes a tactical unit, the Emergency Services Team, to enter and secure the premises. Only after the premises are searched for weapons and all civilians disarmed, does the narcotics unit enter to conduct the narcotics search. (Tr. 82-84). Evidence shows that firearms are present in sixty-five percent of the search warrants executed for crack cocaine. (Tr. 120)
 
 
 [2]
 Section 924(c) as amended in 1986 provides:
 (c)(1) Whoever, during and in relation to any crime of violence or drug trafficking crime, ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....
 18 U.S.C. Sec. 924(c).