Teddy LEWIS, Plaintiff–Appellant,

v.

Boyce RAWSON, Daniel Styczynski, Corrections Officers, Great Meadow Correctional Facility, Fred Young, Corrections Officer, Great Meadow Correctional Facility, Mark Frey, Corrections Officer, John Costello, Corrections Officer, H. Graham, Lieutenant, Great Meadow Correctional Facility, J. Gillingham, Sergeant, Great Meadow Correctional Facility, Harold Austin, Sergeant, Great Meadow Correctional Facility, C. Murray, Corrections Officer, Great Meadow Correctional Facility, Defendants–Appellees,

Lieutenant Benson, Thomas A. Coughlin, III, Commissioner, N.Y.S. Dept. of Correctional Services, Brian F. Malone, Inspector General, N.Y.S. Dept. of Correctional Services, Arthur A. Leonardo, Warden, Great Meadow Correctional Facility, Robert Juckett, Deputy Warden of Security, Great Meadow Correctional Facility, W. Hoffman, Corrections Officer, Great Meadow Correction Facility, Defendants.

No. 05–3805–pr.

United States Court of Appeals, Second Circuit.

May 9, 2006.

Teddy Lewis, Auburn, NY, Appellant, pro se.

Peter H. Schiff, Senior Counsel (Eliot Spitzer, Attorney General of the State of New York; Victor Paladino, Assistant Solicitor General, on the brief), Office of the Attorney General for the State of New York, Albany, NY, for Appellees.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI, Circuit Judges and RICHARD M. BERMAN, District Judge.*

## SUMMARY ORDER

*Pro se* plaintiff-appellant Teddy Lewis brought suit under 42 U.S.C. § 1983, claiming that, upon his transfer from Attica Correctional Facility to Great Meadow Correctional Facility, he was physically assaulted and subjected to racially motivated harassment by various prison officials. Lewis now appeals from the District Court's order entered on October 17, 2003 granting partial summary judgment to defendants Coughlin, Leonardo, Juckett and Malone, who are or were supervisory officials in the Department of Correctional Services ("supervisory defendants").[1] He also appeals from the District Court's subsequent decision on June 22, 2005 to dismiss with prejudice his claims against the remaining defendants on the ground that Lewis unreasonably refused to prosecute his claim by declining to testify at trial. We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, Lewis contends principally that (1) the District Court erred in granting partial summary judgment to the supervisory defendants because there was a genuine issue of material fact as to whether they had failed, "under the principles of supervisory liability," to protect Lewis from harm; and (2) the District Court abused its discretion and violated his Seventh Amendment right to a jury trial by dismissing *sua sponte* his complaint on the ground that he had waived his right to a jury trial by refusing to testify.

We review the District Court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party, who in this case was Lewis. *See, e.g., Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999). Summary judgment is appropriate "only if the record indicates that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)).

In a damages suit brought pursuant to § 1983, "supervisory liability may be imposed when an official has actual or constructive notice of unconstitutional practices and demonstrates gross negligence or deliberate indifference by failing to act." *Meriwether v. Coughlin,* 879 F.2d 1037, 1048 (2d Cir.1989) (citation and internal quotation marks omitted). Upon our review of the record, we find no error in the Magistrate Judge's conclusion—adopted by the District Court—that Lewis

---

* The Hon. Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

1. The District Court adopted the September 12, 2003 Report–Recommendation and Order of U.S. Magistrate Judge Randolph F. Treece. In doing so, the District Court not only granted the supervisory defendants' motion for partial summary judgment but also dismissed claims against defendants Benson and Hoffman on the ground that Lewis failed to properly effectuate service of process. Lewis does not appeal the District Court's dismissal of his claims against Benson and Hoffman.

failed to provide evidence to substantiate his assertion that the supervisory defendants were aware of a safety risk to Lewis but were deliberately indifferent to that risk. Also without merit is Lewis's claim that the supervisory defendants were personally involved in the incident based upon their failure to investigate the claims of abuse he made *after* he had allegedly been attacked.

For the foregoing reasons, we hold that the District Court properly granted the supervisory defendants' motion for partial summary judgment. *See Brady v. Town of Colchester,* 863 F.2d 205, 210–11 (2d Cir.1988) (noting that "in cases where the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim").

■ We now turn to Lewis's second claim: that the District Court abused its discretion and violated his Seventh Amendment right to trial by jury by dismissing his remaining claims with prejudice. Lewis did not provide the Court with a transcript of the trial proceedings, and we are unable, on the basis of the court clerk's notes alone, to evaluate meaningfully Lewis's claim that the District Court abused its discretion in dismissing his complaint as a result of his alleged refusal to testify. To enable Lewis to pursue this claim with the benefit of a fuller record, we hereby modify the District Court's order such that Lewis's challenge to the District Court's determination will be dismissed *without* prejudice "to reinstatement provided that appellant, within 30 days of the date of this [Court's] order, provides this Court with: (1) the trial transcript; (2) proof that he has ordered the trial transcript; or (3) proof that

he has moved in the district court for a free trial transcript." *See Gayle v. Walker,* 148 F.3d 214, 214 (2d Cir.1998) (citing Fed. R.App. P. 10(b)).

\* \* \* \* \* \*

For the foregoing reasons, we AFFIRM the District Court's grant of partial summary judgment to supervisory defendants Coughlin, Leonardo, Juckett and Malone. We MODIFY the District Court's order such that Lewis's challenge to the District Court's dismissal of his remaining claims may be reinstated if, within thirty days of the date of this order, he provides this Court with: (1) the trial transcript; (2) proof that he has ordered the trial transcript; or (3) proof that he has moved in the district court for a free trial transcript.