**UNITED STATES of America,**
**Appellee,**

v.

**Benjamin Franklin COLLINS, Defendant-**
**Appellant.**

**No. 59, Docket 25695.**

United States Court of Appeals
Second Circuit.

Argued Oct. 13, 1959.

Decided Dec. 3, 1959.

Henry G. Singer, Brooklyn, N. Y. (Edmund E. Shepherd, Lansing, Mich., on the brief), for defendant-appellant.

Jerome J. Londin, Executive Asst. U. S. Atty., Southern Dist. of New York, New York City (S. Hazard Gillespie, Jr., U. S. Atty. for Southern Dist. of New York, New York City, David R. Hyde, New York City, and Richard Conway Casey, Asst. U. S. Attys., on the brief), for appellee.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and SMITH, District Judge.

J. JOSEPH SMITH, District Judge.

This is an appeal from conviction on two counts of perjury on trial to the jury. The allegedly perjurious statements were made to a grand jury investigating possible violations of the laws of the United States penalizing wiretapping, labor racketeering, obstruction of justice and conspiracy. The grand jury was

652

looking into acts of Teamsters Union Local 299 of Detroit which had occurred in New York and which related to a Congressional investigation in Detroit in the spring of 1953. The grand jury questioned Collins about the preparation of certain minutes of Local 299 and about checks from the local to Spindel, an alleged wire tapper, drawn by Collins at the direction of James Hoffa, Local 299's president. There being no mention of Spindel in the minutes, Collins was asked whether they had been changed. Collins swore they had not been. Collins was asked as to the dates that the minutes had been signed by him. The two statements on the basis of which the jury found Collins guilty were, (1) that minutes of the meeting of March 11, 1953 at Detroit had been signed by Collins as secretary-treasurer shortly after but before April 1, 1953, and (2) that minutes of a similar meeting held at Detroit September 9, 1953 had likewise been signed by him on or before October 1, 1953.

 The government produced at the perjury trial a witness who had been for twelve years a designer of type for I.B.M. who testified that in his expert opinion the minutes had been prepared on an I.B.M. machine with Prestige Pica Type, a type style invented by the witness and not available to salesmen until February 1955, and that there was not in existence prior to February 1955 any typewriter which could type the minutes except for two prototype machines at all times in possession of I.B.M. A document examiner of the F.B.I. testified to his opinion that the minutes in question had been typed on a machine, Government's Exhibit 15, obtained from Local 299's office. Records were introduced to show that this machine was purchased by Local 299 from I.B.M. in March 1956.

It is the claim of appellant that this evidence is insufficient for conviction because the falsity of neither statement is proven by the testimony of two witnesses or one witness and corroborating circumstances. The rule is sometimes so expressed. Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 549, 156 A.L.R. 496, "uncorroborated testimony of a single witness" not sufficient; United States v. Otto, 2 Cir., 54 F.2d 277, 279, "direct and positive evidence" necessary; United States v. Neff, 3 Cir., 212 F.2d 297, 307, "strong, clear, convincing and direct." The rule has been strongly criticized. 7 Wigmore, Evidence (3d Ed. 1940) secs. 2040, 2041. Whether the evidence is "direct" in the sense in which the term is usually used should not be the criterion here. The test should be rather whether the evidence is of a quality to assure that a guilty verdict is solidly founded. The purpose of the rule was to prevent ill-founded retaliatory attack by perjury prosecution upon a witness on no more than the contrary oath of another. Weiler v. United States, supra. We have here evidence far stronger, more cogent and more convincing than that. If the experts, supported by the exhibits are to be believed, it was an utter impossibility that Collins' testimony before the grand jury was true. The testimony, although in a sense circumstantial, is absolutely inconsistent with Collins' innocence (cf. Allen v. United States, 4 Cir., 194 F. 664, 667, 39 L.R.A.,N.S., 385), and is more convincing than would be the recollection of one or two witnesses that he had signed the minutes at a certain date later than the date sworn to by him. The use of such evidence may be considered akin to the use of documents signed by the witness under the rule of United States v. Wood, 14 Pet. 430, 440, 10 L.Ed. 527.

"The question is, when and how the rule is to be applied, that it may not, from a technical interpretation, or positive undeviating adherence to words, exclude all other testimony as strong and conclusive as that which the rule requires." United States v. Wood, supra, 14 Pet. at page 439.

Here the written proof, the minutes themselves, signed by Collins, contain the refutation of his testimony in the type in which they were written and the direct proof as to the date of its first existence. Cf. United States v. Goldstein, 2 Cir., 168 F.2d 666, 668, 672; Barker v. United

States, 9 Cir., 198 F.2d 932. The quantum of proof is sufficient.

▉▉▉▉▉ Collins' other contentions have even less merit. He attacks the court's finding that the false statements were material to the grand jury's investigation. This is without substance. Obviously inquiry as to the time of preparation and signing of the minutes of the local to determine whether there had been a substitution of pages dropping out mention of transactions with Spindel was material in an investigation by the grand jury to determine the relationship between the alleged wire tapper, payee of checks from the local, and the local. The standard is set forth in Carroll v. United States, 2 Cir., 16 F.2d 951, 953, certiorari denied 273 U.S. 763, 47 S.Ct. 477, 71 L. Ed. 880, as follows:

"Its (the grand jury's) investigation and full duty is not performed unless and until every clue has been run down and all witnesses searched for and examined in every proper way to find if a crime has been committed, and to charge the proper person with the commission thereof. Its investigation proceeds step by step. A false statement by a witness in any of the steps, though not relevant in an essential sense to the ultimate issues pending before the grand jury, may be material, in that it tends to influence or impede the course of the investigation. This materiality has been recognized by the courts. (Citing cases.) The test of materiality in a grand jury's investigation is whether the false testimony has a natural effect or tendency to influence, impede, or dissuade the grand jury from pursuing its investigation, and, if it does, an indictment for perjury may be predicated upon it."

And see United States v. Alu, 2 Cir., 246 F.2d 29; United States v. Weber, 2 Cir., 197 F.2d 237, certiorari denied 344 U.S. 834, 73 S.Ct. 42, 97 L.Ed. 649; United States v. Moran, 2 Cir., 194 F.2d 623, certiorari denied 343 U.S. 965, 72 S.Ct. 1058, 96 L.Ed. 1362; United States v. Hirsch, 2 Cir., 136 F.2d 976, certiorari denied 320 U.S. 759, 64 S.Ct. 66, 88 L.Ed. 452; United States v. Siegel, 2 Cir., 263 F.2d 530, certiorari denied 359 U.S. 1012, 79 S.Ct. 1147, 3 L.Ed.2d 1035; United States v. Goldstein, supra.

▉▉▉▉▉ The not guilty verdicts on the other counts, which the jury thought "repetitious" are not *res judicata* on these first two counts, nor is inconsistency of verdict on other counts material in considering the verdicts on these two counts. United States v. Coplon, 2 Cir., 185 F.2d 629, 28 A.L.R.2d 1041, certiorari denied 342 U.S. 920, 72 S.Ct. 362, 96 L.Ed. 688; United States v. Dotterweich, 320 U.S. 277, 279, 64 S.Ct. 134, 88 L.Ed. 48. Nor is Collins' claim that he was unfairly pressed into giving the answers on which he was convicted borne out by the record. While he was reluctant to be pinned down to a specific day and date, March 11, 1953 or September 9, 1953, he was quite willing to swear to the signing at some time prior to April 1, 1953 and October 1, 1953, respectively.

Judgment affirmed.