**UNITED STATES of America,**
**Appellee,**

v.

**Alexander NICHOLSON, Defendant-**
**Appellant.**

**No. 298, Docket 28457.**

United States Court of Appeals
Second Circuit.

Argued Jan. 23, 1964.

Decided Feb. 4, 1964.

Howard T. Owens, Jr., Asst. U. S. Atty., District of Connecticut (Robert C. Zampano, U. S. Atty., District of Connecticut), for appellee.

Samuel H. Borenkind, New York City (Donald H. Clark, New Britain, Conn.), for defendant-appellant.

Before FRIENDLY and HAYS, Circuit Judges, and ANDERSON, District Judge.

PER CURIAM.

After a trial to the court and jury the defendant was found guilty on a one count indictment charging him with perjury. His motion for an acquittal or for a new trial was denied and he was fined $100. It is from the denial of his motion that the defendant has appealed.

The charge arose out of a Federal Grand Jury investigation, in the District of Connecticut, concerning possible violations of the anti-trust laws by certain distributors of fuel oil. The defendant appeared as a witness before the Grand Jury and testified under oath, in pertinent part, as follows:

"Q. At the time you spoke to Mr. Moss in the presence of Mr. Watson did you say to Mr. Moss, 'Bud, you will have to raise the price of oil or Neighborhood's credit is going to be cut off by Gulf,' or words to that effect? A. I previously said that I didn't.

"Q. That is right. Now I am asking you specifically with regard to the time you visited with Mr. Watson, did you make that statement? A. I never made that statement.

"Q. Never, and you never made it in Mr. Watson's presence? A. Never made it at any time."

The materiality of the statement was conceded by the defendant, and the sole issue at the perjury trial was whether or

not, on the occasion referred to in the question, the defendant had in fact said what, in the interrogation before the Grand Jury, he had denied saying, and that was, "Bud, you will have to raise the price of oil or Neighborhood's credit is going to be cut off by Gulf" or words to that effect.

The defendant at his perjury trial testified that his denial before the Grand Jury was true. He produced evidence through other witnesses which, he claims, showed that he could not have been at the place when and where the Government asserted the statement at issue was made. He offered other evidence to prove that he would not logically have made the statement in any event because, he argues, there was no debtor-creditor relationship existing between Moss and Gulf Oil Corporation at the time the statement was supposed to have been made. There was other evidence in the case, however, on which the jury could reasonably have found that Nicholson was at Moss' gas station with Watson sometime during the time alleged and that there were outstanding credit extensions from the Gulf Oil Corporation to Moss, including a balance due for fuel oil. From the presence of Watson, who was Gulf Oil Corporation's gasoline representative, the jury could have drawn the inference that Nicholson was speaking for Gulf Oil Corporation as a creditor of Moss in Moss' gasoline station enterprise, even though it was carried on separately from Moss' fuel oil business, Neighborhood Oil Company, located at the same place. On this key issue of the case the jury was presented with conflicting evidence sufficient to support a verdict either way. They resolved that issue against the defendant, and the trial judge was correct in not setting the verdict aside. A part of the Government's proof was the testimony of two witnesses in whose presence the statement was made. This, together with the other evidence in the Government's case was enough to satisfy the test that the verdict of guilty must be solidly founded. United States v. Collins, 272 F.2d 650, 652 (2 Cir. 1959), cert. denied 362 U.S. 911, 80 S.Ct. 681, 4 L.Ed.2d 619 (1960), rehearing denied 362 U.S. 957, 80 S.Ct. 859, 4 L.Ed.2d 874 (1960).

The defendant also claims that the Assistant United States Attorney who conducted the trial committed a number of prejudicial errors. While it appears that he made a misstatement and in other instances somewhat overstepped the bounds of propriety, the trial judge promptly and adequately corrected him with appropriate instructions to the jury so that in no instance does there appear to have been reversible error.

Affirmed.