UNITED STATES of America,
Plaintiff-Appellee,

v.

Leonard George JESSEE,
Defendant-Appellant.

No. 78–1978.

United States Court of Appeals,
Ninth Circuit.

June 21, 1979.

As Amended Sept. 12, 1979.

John J. Robinson, Asst. U. S. Atty. (on the brief), Michael H. Walsh, U. S. Atty., John J. Robinson, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

Frank N. Nemser (argued), Mulder & Nemser, Lemon Grove, Cal., for defendant-appellant.

Before GOODWIN and KENNEDY, Circuit Judges, and HILL,* District Judge.

PER CURIAM:

Defendant Leonard Jessee was convicted of knowingly making a false oath in a bankruptcy proceeding, in violation of 18 U.S.C. § 152. Finding none of defendant's arguments on appeal meritorious, we affirm.

■ The trial court ruled correctly in denying Jessee's request for an instruction that it was necessary to corroborate the statements of a witness who testifies to the falsity of statements made under oath. We have some doubt whether the so-called two-witness rule was ever applied to false swearing prosecutions under 18 U.S.C. § 152. *See Morris Plan Industrial Bank v. Finn,* 149 F.2d 591, 592 (2d Cir. 1945). In any event Congress has abolished the "two-witness" rule for proof of perjury prosecutions, 18 U.S.C. § 1623. The usual standard of proof beyond a reasonable doubt applies in false oath prosecutions under 18 U.S.C. § 152, and the defendant's contentions in this regard are without merit.

■ The single count considered by the jury alleged that the defendant knowingly made a false oath in a bankruptcy proceeding, and it contained nine separate factual allegations to support the charge. Jessee's request for a special verdict was properly denied, since the trial court instructed that the jurors must unanimously agree on at least one of the factual allegations charged. *Bisno v. United States,* 299 F.2d 711, 722–23 (9th Cir. 1961), *cert. denied,* 370 U.S. 952, 82 S.Ct. 1602, 8 L.Ed.2d 818 (1962). The case was not complex and the danger of confusion was minimal. There is no reason to assume that the jury did not follow its instructions. For the same reason the defendant's motion to supplement the record to show which of the allegations of false swearing the jurors agreed upon was properly denied. Permitting such amendment would be tantamount to requiring a special verdict, which we have held unnecessary.

■ The defendant argues that we must reverse if any one of the separate allegations in the false swearing count was not supported by the evidence, and he specifically attacks the evidence in support of the second and third allegations. We find defendant's arguments on insufficiency of the evidence unconvincing, and in any event it is not necessary for us to examine each separately. The defendant is incorrect in stating that *Stromberg v. California,* 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931) and *Yates v. United States,* 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957), require us to make this examination. In those cases the jury's action could have been legally incorrect, not factually incorrect. We relied on essentially this distinction to reject the argument Jessee makes in *United States v. Outpost Development Co.,* 552 F.2d 868 (9th Cir.), *cert. denied,* 434 U.S. 965, 98 S.Ct. 503, 54 L.Ed.2d 450 (1977).

■ The contention of preindictment delay has no merit. The defendant's claim that he was prejudiced by the delay is doubtful, *see United States v. Marion,* 404 U.S. 307, 325–26, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), and there is little evidence that the Government's delay was culpable. *United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). There are adequate grounds to support the finding that preindictment delay was not to gain a tactical advantage over the accused. *United States v. Mays,* 549 F.2d 670 (9th Cir. 1977).

The conviction is AFFIRMED.

---

* Honorable Irving Hill, United States District Judge for the Central District of California, sitting by designation.