**UNITED STATES**

v.

**Caleb A. TUNSTALL, 291 66 9515, Private First Class (E–2), U.S. Marine Corps.**

NMCM 84 3740.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 13 June 1984.

Decided 13 Dec. 1984.

MAJ Patrick H. McGann, Jr., USMC, Appellate Defense Counsel.

LT Thomas H. Dinkelacker, JAGC, USNR, Appellate Defense Counsel.

MAJ E.D. Clark, USMC, Appellate Government Counsel.

LT W.A. Durling, JAGC, USNR, Appellate Government Counsel.

Before EOFF, C.J., and MAY and RAPP, JJ.

MAY, Judge:

Appellant was convicted, contrary to his pleas, by special court-martial, military judge alone, of the theft of a portable stereo cassette unit and of false swearing, in violation of Articles 121, 10 U.S.C. § 921,

and 134, 10 U.S.C. § 934, Uniform Code of Military Justice. He was sentenced to a bad conduct discharge from the naval service, confinement at hard labor for 75 days, forfeiture of $150.00 pay per month for 5 months, and reduction to pay grade E–1. The findings and sentence were approved on review below.

Appellant now assigns the following errors:

## I

THE EVIDENCE WAS INSUFFICIENT TO PROVE APPELLANT GUILTY OF FALSE SWEARING BEYOND A REASONABLE DOUBT.

## II

THE STAFF JUDGE ADVOCATE'S REVIEW WAS SO DEFICIENT AS TO BE PREJUDICIAL TO APPELLANT.

We reject both of these assignments and will address them in turn.

## I

We do not agree with appellant's contention that there was insufficient evidence to support the guilty finding as to the false swearing charge. We will accept appellate defense counsel's assertions that appellant's alleged false statement was composed of two distinct elements, namely: "I did not steal any stereo," and "I did not sell a stereo to Garcia." We do not accept, however, appellate defense counsel's contention that there was *insufficient evidence* of appellant's false statements. Appellate defense counsel characterizes the government's evidence of appellant's false swearing as either "purely circumstantial" relative to the "I did not steal" statement, or uncorroborated relative to the "I did not sell" statement, thus, in counsel's view, rendering the evidence insufficient, citing paragraphs 210, 213*f*(4), *Manual for Courts-Martial, 1969 (Rev.).*

We have considered but reject appellant's application of the Manual's provisions in this case. The concept of requiring direct evidence and at least two witnesses or corroboration in perjury cases has historical origins in the 17th Century. Vestiges of canon law, concern for retaliatory accusations against prosecution witnesses by the sole testimony of unsuccessful defendants, and societal indignation over the effect of perjury on the judicial process, indignation which often enacted harsh penalties disproportionate to the materiality of the falsity, are cited as reasons for requiring *numerosity* of witnesses or *corroboration.* *See generally* 7 Wigmore On Evidence §§ 2040–2042 (Chadbourn, Rev. 1978).

■ While we share the inherent concern of earlier courts, we believe the better approach is one which seeks no higher threshold for the evidence presented by the government in a perjury or false swearing case than that standard necessary for conviction of all other offenses under the Code: such evidence, whether direct or circumstantial, must establish proof of the falsity beyond reasonable doubt. *United States v. Collins,* 272 F.2d 650 (2d Cir. 1959). *Cf. United States v. Freedman,* 445 F.2d 1220 (2d Cir.1971).

■ In this case, from our examination of the trial record we find credible testimony of a government witness, Corporal Pringle, who conclusively identified appellant as the person seen in the vicinity of the larceny victim's cubicle, empty-handed, in a barracks deserted of personnel over an extended liberty period. Moments later, Corporal Pringle, after noting that appellant was an obvious stranger in the barracks, saw appellant running from the direction of the victim's cubicle with a stereo unit under his arm, saw appellant exiting the barracks, and then observed appellant running into an adjacent building, Barracks 214, with the stereo unit still in his possession. Further trial testimony by a Private Garcia who lived next door to appellant in Barracks 214, established that appellant sold the stereo unit to Garcia later that evening in the barracks, and that Garcia later hid the unit in the area above the false overhead in his room. Testimony of investiga-

tive agents established that a stereo unit was recovered from the overhead in Private Garcia's room and returned to the larceny victim. The larceny victim, Private Boom, testified via a stipulated statement, that the stereo unit returned to him by investigative agents was the unit he found missing from his cubicle when he returned from liberty the morning following Corporal Pringle's observations of appellant's nocturnal activities.

It may be that the evidence thus presented to the trier of fact consisted, in part, of direct evidence which only circumstantially established the guilt of appellant to the offense of falsely swearing that he had neither stolen Private Boom's stereo unit nor sold a stereo unit to Private Garcia. We, however, are entirely satisfied that appellant is guilty beyond reasonable doubt of false swearing and that the evidence presented is adequate, credible, and mutually corroborative.

## II

■ We find any asserted deficiencies in the staff judge advocate's review have been waived. *United States v. Goode*, 1 M.J. 3 (C.M.A.1975).

Accordingly, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Chief Judge EOFF and Judge RAPP concur.