UNITED STATES, Appellee,

v.

Caleb A. TUNSTALL, Private First
Class, U.S. Marine Corps,
Appellant.

No. 51,705.
NMCM 84 3740.

U.S. Court of Military Appeals.

July 13, 1987.

For Appellant: *Lieutenant Commander
Robert J. Smith, JAGC, USN* (argued);

*Major Michael S. Canode, USMC, Lieutenant Thomas H. Dinkelacker, JAGC,
USNR* (on brief); *Major Patrick H.
McGann, Jr., USMC.*

For Appellee: *Lieutenant Aaron Santa
Anna, JAGC, USNR* (argued); *Captain
Carl H. Horst, JAGC, USN, Lieutenant
Commander Jeffery S. Sawtelle, JAGC,
USN, Major E. D. Clark, USMC, Lieutenant W. A. Durling, JAGC, USNR* (on
brief); *Captain Wendell A. Kjos, JAGC,
USN.*

## Opinion of the Court

SULLIVAN, Judge:

Appellant was tried by military judge
alone at a special court-martial on June 13,
1984. This court-martial convened at Marine Corps Air Station (Helicopter), New
River, Jacksonville, North Carolina. Contrary to his pleas, he was found guilty of
stealing a portable cassette stereo and
false swearing, in violation of Articles 121
and 134, Uniform Code of Military Justice,
10 U.S.C. §§ 921 and 934, respectively. He
was sentenced to a bad-conduct discharge,
confinement for 75 days, forfeiture of
$150.00 pay per month for 5 months, and
reduction to E–1. The convening and supervisory authorities approved these results;
the Court of Military Review affirmed.
N.M.C.M.R., 19 M.J. 824.

This Court granted review of the following issue:

WHETHER THE UNITED STATES
NAVY–MARINE CORPS COURT OF
MILITARY REVIEW ERRED BY
ADOPTING AN EVIDENTIARY STANDARD FOR PROOF OF THE OFFENSE
OF FALSE SWEARING THAT WAS
LESS STRINGENT THAN THAT ESTABLISHED BY CASE LAW AND THE
*MANUAL FOR COURTS–MARTIAL,
1969 (REV.).*

We hold that the court below erred in this
case; however, applying the correct standard, we nevertheless affirm.

The above issue impacts only on findings of guilty of the false-swearing offense. It states:

Charge II: Violation of the Uniform Code of Military Justice, Article 134

Specification: In that Private First Class Caleb A. TUNSTALL, U.S. Marine Corps, Marine Air Traffic Control Squadron 28, Marine Air Control Group 28, 2d Marine Aircraft Wing, Fleet Marine Force, Atlantic, Marine Corps Air Station, (Helicopter), New River, Jacksonville, North Carolina, did, at Marine Corps Air Station, (Helicopter), New River, Jacksonville, North Carolina, on or about 3 April 1984, in a sworn statement, wrongfully and unlawfully make under lawful affirmation a false statement in substance as follows: "I did not steal any stereo, I did not sell a stereo to GARCIA," which statement he did not then believe to be true.

The Court of Military Review noted the evidence of the prosecution on this charge, as follows:

In this case, from our examination of the trial record we find credible testimony of a government witness, Corporal Pringle, who conclusively identified appellant as the person seen in the vicinity of the larceny victim's cubicle, empty-handed, in a barracks deserted of personnel over an extended liberty period. Moments later, Corporal Pringle, after noting that appellant was an obvious stranger in the barracks, saw appellant running from the direction of the victim's cubicle with a stereo unit under his arm, saw appellant exiting the barracks, and then observed appellant running into an adjacent building, Barracks 214, with the stereo unit still in his possession. Further trial testimony by a Private Garcia who lived next door to appellant in Barracks 214, established that appellant sold the stereo unit to Garcia later that evening in the barracks, and that Garcia later hid the unit in the area above the false overhead in his room. Testimony of investigative agents established that a stereo unit was recovered from the overhead in Private Garcia's room and returned to the larceny victim. The larceny victim, Private Boom, testified via a stipulated statement, that the stereo unit returned to him by investigative agents was the unit he found missing from his cubicle when he returned from liberty the morning following Corporal Pringle's observations of appellant's nocturnal activities.

Unpub. op. at 2–3.

The issue in this case is whether the so-called "two-witness" rule was violated. Paragraph 210, Manual for Courts-Martial, United States, 1969 (Revised edition), provides in pertinent part:

The falsity of the allegedly perjured statement cannot, except with respect to matters which by their nature are not susceptible of direct proof, be proved by circumstantial evidence alone, nor can the falsity of the statement be proved by the testimony of a single witness unless that testimony directly contradicts the statement and is corroborated by other evidence, either direct or circumstantial, tending to prove the falsity of the statement. However, documentary evidence directly disproving the truth of the statement charged to have been perjured need not be corroborated if the document is an official record shown to have been well known to the accused at the time he took the oath or if it appears that the documentary evidence had sprung from the accused himself—or had in any manner been recognized by him as containing the truth—before the allegedly perjured statement was made.

The fact that the accused did not believe his statement to be true may be proved by testimony of one witness without corroboration or by circumstantial evidence.

Paragraph 213*f*(4), Manual, *supra*, further provides that this rule of evidence applies in cases of false swearing as well. This rule [1] and its application to a false-swearing

---

1. The two-witness rule has been expressly rejected by Congress in federal perjury prosecutions

offense under Article 134 is a well-recognized exercise of power by the President in accordance with Article 36, UCMJ, 10 U.S.C. § 836. *United States v. Clayton,* 17 U.S.C.M.A. 248, 250, 38 C.M.A. 46, 48 (1967); *United States v. Gomes,* 3 U.S.C. M.A. 232, 237, 11 C.M.R. 232, 237 (1953); *see* Part IV, paras. 57*c* (2)(c) and 79*c* (1), Manual for Courts-Martial, United States, 1984.[2]

At the outset we note that appellant did not make a motion for a finding of not guilty[3] at trial on the basis of paragraph 210, 1969 Manual, *supra. See generally* para. 71*a*, 1969 Manual, *supra; see also United States v. Forrest,* 623 F. 2d 1107, 1109 n.2 (5th Cir.), *cert. denied,* 449 U.S. 924, 101 S.Ct. 327, 66 L.Ed.2d 153 (1980). Moreover, he did not mention this rule of evidentiary sufficiency to the military judge during his trial. *See United States v. Jessee,* 605 F. 2d 430, 431 (9th Cir. 1979).

In any event, we find the above manual provision was not violated in this case. Here Pringle directly contradicted appellant's statement that he did not steal

the stereo,[4] and Garcia contradicted his statement that he did not sell him a stereo. The following application of the two-witness rule in a similar context is most appropriate:

> Therefore, where the alleged false oath relates to two or more facts and one witness contradicts the accused as to one fact and another witness as to another fact, the two witnesses corroborate each other in the fact that the accused swore falsely, and their testimony will authorize a conviction.

*Goins v. Commonwealth,* 167 Ky. 603, 181 S.W. 184, 186 (1916), quoted in *May v. United States,* 280 F. 2d 555, 558–61 (6th Cir. 1960); *United States v. Maultasch,* 596 F. 2d 19 (2d Cir. 1979). *See generally* 7 Wigmore, *Evidence* § 2042 n.8 (Chadbourne rev. 1978). We agree.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.

under 18 U.S.C. § 1623. *United States v. Jessee,* 605 F. 2d 430 (9th Cir. 1979). However, it is still applicable in federal perjury prosecutions under 18 U.S.C. § 1621. *United States v. Diggs,* 560 F. 2d 266, 269 (7th Cir.), *cert. denied,* 434 U.S. 925, 98 S.Ct. 404, 54 L.Ed.2d 283 (1977). *See United States v. Forrest,* 639 F. 2d 1224 (5th Cir. 1981); *United States v. Forrest,* 623 F. 2d 1107 (5th Cir.), *cert. denied,* 449 U.S. 924, 101 S.Ct. 327, 66 L.Ed.2d 153 (1980).

**2.** The opinion of the Court of Military Review suggests that this rule may be ignored or it may be loosely applied as reflected in *United States v. Collins,* 272 F. 2d 650, 652 (2d Cir. 1959), *cert. denied,* 362 U.S. 911, 80 S.Ct. 681, 4 L.Ed.2d 619

(1960). Article 36, Uniform Code of Military Justice, 10 U.S.C. § 836, precludes the former course of action, and the limited exception provided in *Collins* for "absolutely inconsistent" circumstantial evidence is inapplicable to the present case.

**3.** He did make such a motion on the basis of the prosecution's failure to introduce evidence identifying appellant as the guilty party.

**4.** This theft was in progress during the times Pringle observed appellant. *See United States v. Seivers,* 8 M.J. 63 (C.M.A. 1979); *United States v. Escobar,* 7 M.J. 197, 198–99 (C.M.A. 1979).