74 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Paul ROBERTSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Juan Paul ROBERTSON, Defendant-Appellee.
 Nos. 92-50395, 92-50460.
 United States Court of Appeals, Ninth Circuit.
 Jan. 3, 1996.
 
 Before: REINHARDT, T.G. NELSON, Circuit Judges, and KAUFMAN,* District Judge.
 MEMORANDUM**
 A. RICO
 A violation of 18 U.S.C. Sec. 1962(a) requires proof of the following elements: (1) a person receives income derived directly or indirectly from a pattern of racketeering activity; (2) that person uses or invests, directly or indirectly, any part or proceeds of such income in the acquisition of any interest in, or the establishment or operation of any enterprise; and (3) that enterprise is engaged in or its activities affect interstate or foreign commerce.
 A. Pattern of Racketeering Activity
 Robertson was convicted of Counts One through Four of the Superseding Indictment which charged various acts of cocaine distribution, conspiracy to possess cocaine with intent to distribute, and a number of overt acts in furtherance of the conspiracy, committed between 1986 and 1988. In addition, the Government demonstrated in support of the RICO charge a number of predicate acts of racketeering occurring between 1983 and 1987, including: transporting in interstate commerce $980,000 in cash, an automobile and two kilograms of cocaine (Act 6), transporting in interstate commerce twenty-two kilograms of cocaine and a large amount of cash (Act 7), possession of three kilograms of cocaine with intent to distribute (Act 8), distribution of four kilograms of cocaine (Act 9), and distribution of five kilograms of cocaine (Act 10e).
 Reviewing the evidence in the light most favorable to the government, as we must, it is clear that the Government proved both "continuity plus relationship." H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989). The Government proved that Robertson engaged in selling, stealing and transporting drugs and stealing and transporting money over an approximate four-year period. Thus the acts are related and "amount to or pose a threat of continued criminal activity." Id.
 B. Investment in Enterprise
 This element of RICO is satisfied when income, any part of income or proceeds of such income, derived directly or indirectly from a pattern of racketeering activity, is used or invested directly or indirectly in the acquisition, establishment or operation of any enterprise. 18 U.S.C. Sec. 1962(a). The Government established that Robertson stole approximately $980,000 from Silva, that he transported the cash from California to Arizona, that he purchased a home in Arizona for cash, and that he later used that home as collateral for a $300,000 loan used to finance a gold mining operation. Further, the Government showed that Robertson drove the automobile he stole from Silva to Alaska for use in the mining venture. On the basis of this and other evidence, the jury could reasonably have inferred that the money Robertson stole from his clients and the income he obtained from his drug trafficking operation were directly or indirectly invested in the gold mine operation. We therefore hold that there was sufficient evidence to sustain the conviction.
 Robertson argues in his pro se brief that the Government ignored the sequence of events required under RICO. He contends that the racketeering acts which occurred in 1987 could not be related back to his use or investment of income in 1985 and 1986. The language of 18 U.S.C. Sec. 1962(a) does not support the strict sequential analysis urged by Robertson. Section 1962(a) requires proof of a pattern of racketeering activity which generates income used to acquire or establish the enterprise, or to operate the enterprise. Thus, the statute contemplates income derived from activities engaged in prior to the existence of the enterprise which may be used to acquire, establish or operate the enterprise, as well as income derived from activities conducted after the establishment of the enterprise and used in its operation.
 C. Special Verdict on Count Six
 In criminal cases, a special verdict is the exception and not the rule. United States v. Aguilar, 883 F.2d 662, 690-91 (9th Cir.1989), cert. denied, 498 U.S. 1046 (1991). "It has long been established that special verdicts in criminal jury trials are disfavored." United States v. Shelton, 588 F.2d 1242, 1257 (9th Cir.1978), cert. denied, 442 U.S. 909 (1979).
 Even if we assume that the district court should have given a special verdict form to the jury, we find that Robertson suffered no prejudice from the omission. The jury was instructed that it had to find unanimously that there were two predicate acts constituting a pattern before it could convict Robertson on Count Six. See United States v. Jessee, 605 F.2d 430, 431 (9th Cir.1979) (request for special verdict properly denied where trial court instructs jurors that they must find at least one of the factual allegations charged). The jury specifically found four of the predicate acts charged by the Government when it convicted Robertson of Counts One through Four. See also United States v. Corona, 885 F.2d 766 (11th Cir.1989), cert. denied, 494 U.S. 1091 (1990).
 Robertson argues that his case is similar to United States v. Ruggiero, 726 F.2d 913 (2d Cir.), cert. denied, 469 U.S. 831 (1984), in which the court reversed one defendant's RICO conviction because one of the predicate acts (gambling conspiracy) was legally insufficient. Robertson's reliance upon Ruggiero is misplaced. Ruggiero held that as a matter of law, a gambling conspiracy cannot form the basis for a RICO violation because it is not a predicate act within the definitions set forth in Sec. 1961. Id. at 920. In the present case, Robertson does not claim that the predicate acts are insufficient as a matter of law; rather, he claims that there was an insufficient factual basis for his conviction. However, as noted above, the Government presented sufficient evidence to convict Robertson.
 D. The RICO Statute as Unconstitutionally Vague
 Robertson argues that the RICO statute is unconstitutionally vague. In support of his constitutional challenge, Robertson seizes upon language contained in Justice Scalia's concurring opinion in H.J. Inc. where Justice Scalia suggested that such a challenge might succeed. H.J. Inc., 492 U.S. at 255-56.
 
 
 1
 This court has rejected a vagueness challenge to the RICO statute as it applied to repeated acts of extortion and bribery. United States v. Dischner, 974 F.2d 1502, 1510 (9th Cir.1992) (en banc) ("Outside the first amendment context ... a defendant has standing to raise a vagueness challenge only if the statute is vague as applied to his or her specific conduct."), cert. denied, 113 S.Ct. 1290 (1993).
 
 
 2
 Because persons of ordinary intelligence would be aware that the specific conduct in which Robertson engaged--money laundering, drug trafficking, and interstate transportation of stolen property--constitutes a pattern of racketeering activity prohibited by RICO, we hold the RICO statute is not unconstitutionally vague as it applies to Robertson. See id.
 
 E. Venue in the Southern District
 
 3
 Robertson also claims that the district court erred in refusing to dismiss Count Six (RICO) for lack of venue. He argues that venue was proper in Alaska because all mining operations and "use and investment" of money derived from those operations took place in Alaska.
 
 
 4
 Venue is a question of law reviewed de novo. United States v. Abernathy, 757 F.2d 1012, 1014 (9th Cir.), cert. denied, 474 U.S. 854 (1985). Fed.R.Crim.P. 18 provides that "[e]xcept as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed."
 
 
 5
 The Government proved that at least three of the predicate acts essential to the RICO conviction occurred in the Southern District of California. Robertson supplied cocaine to Stephens in San Diego from 1984 through 1987, and participated in the retrieval of one kilogram of cocaine from a floor safe in San Diego. Title 18 U.S.C. Sec. 3237(a) specifically authorizes prosecution in any one of several districts involved in a crime:
 
 
 6
 Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which the offense was begun, continued, or completed.
 
 
 7
 See United States v. Persico, 621 F.Supp. 842 (S.D.N.Y.1985) (venue proper in district where, among other things, conduct occurred in furtherance of the RICO enterprise and where defendant was physically present when performing number of acts charged in indictment). Because several of the predicate acts which formed the basis for the RICO charge occurred in the Southern District of California, we hold venue was proper there. The fact that venue would have been appropriate in other districts involved in the case does not mean that it was not appropriate in the Southern District.
 
 CONCLUSION
 
 8
 We AFFIRM all the convictions, but because the district court did not comply with Fed.R.Crim.P. 32, we VACATE the sentences and REMAND for resentencing.
 
 
 
 *
 Honorable Frank A. Kaufman, Senior United States District Judge for the District of Maryland, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3. In a published opinion filed concurrently herewith, we address the issues raised by the Government in its cross-appeal