UNITED STATES, Appellee

v.

Darrell L. HOGUE, Lieutenant Colonel
U.S. Air Force, Appellant.

No. 95–0742.
Crim.App. No. 30381.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 27, 1996.

Decided Sept. 30, 1996.

For Appellant: *Lieutenant Colonel Joseph
L. Heimann* (argued); *Colonel Jay L. Cohen*
and *Captain Richard D. Desmond* (on brief).

For Appellee: *Captain R. Scott Howard*
(argued); *Lieutenant Colonel Michael J.
Breslin* (on brief); *Colonel Jeffery T. Infelise*
and *Colonel Thomas E. Schlegel.*

*Opinion of the Court*

CRAWFORD, Judge:

Contrary to his pleas, appellant was con-
victed at Tinker Air Force Base, Oklahoma,
of false swearing, in violation of Article 134,
Uniform Code of Military Justice, 10 USC
§ 934. The convening authority approved

the sentence imposed by the members of 6 months' confinement and partial forfeitures. Pursuant to Article 69(d)(1), UCMJ, 10 USC § 869(d)(1), the Judge Advocate General referred the case to the Court of Criminal Appeals. That court affirmed the findings of guilty and the sentence. 42 MJ 533 (1995). We granted review of the following issue:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED BY ADOPTING AN EVIDENTIARY STANDARD FOR PROOF OF THE OFFENSE OF FALSE SWEARING THAT WAS LESS STRINGENT THAN THAT ESTABLISHED BY CASE LAW AND THE MANUAL FOR COURTS–MARTIAL.

We hold that the Court of Criminal Appeals did not deviate from case law, the UCMJ, or the Manual for Courts–Martial, because the two-witness rule only applies when there is an oath against an oath. That is not the case under the facts presented here.

## FACTS

Appellant, a civilian employee at Tinker AFB, had been rumored to be using drugs and frequenting bars where drugs were common. When appellant was called to active duty as a Lieutenant Colonel Judge Advocate in the Air Force Reserve, he was called to the Office of Special Investigations where Special Agent Kenneth E. Mallard advised him of his rights under Article 31(b), UCMJ, 10 USC § 831(b), and his right to counsel. Appellant waived his rights and, under oath, stated that he had not used or sold drugs in the past. Then he voluntarily provided a urine sample that tested positive for Benzoylecgonine, a cocaine metabolite. He was charged with using cocaine and false swearing, but because of jurisdictional questions concerning the drug offense, he was tried only for false swearing. The issue in this case is whether there was sufficient evidence to convict appellant if the "two-witness" rule applies.

The Court of Criminal Appeals held
that the results of the urinalysis, coupled with the testimony of the expert witness to explain those results, was sufficient to support a finding that appellant knowingly

used cocaine, and therefore falsely swore to the contrary in his statement. The evidence is more convincing than the testimony of an eyewitness and, unlike the testimony of one witness, is not susceptible to being misused to unduly harass or convict persons who testify in court or make statements under oath.

42 MJ at 537.

## DISCUSSION

Since early biblical times, a quantitative rather than a qualitative rule has been employed in examining potentially perjurious testimony. It has been suggested that the two-witness rule originated in the Old Testament where it is stated: "At the mouth of two witnesses, or three witnesses, shall he that is worthy of death be put to death; but at the mouth of one witness he shall not be put to death." *Deuteronomy* 17:6; *see* Rosenberg and Rosenberg, *"Perhaps What Ye Say Is Based Only On Conjecture"— Circumstantial Evidence, Then and Now,* 31 Hous.L.Rev. 1371, 1376–77 nn. 15 and 16 (Spring 1995). The two-witness rule also appears in the New Testament. *Matthew,* 18:16; *2 Corinthians* 13:1; *1 Timothy,* 5:19; *Hebrews* 10:28 (King James Version). Its purpose can be viewed as a prohibition against conjecture in a criminal case. 31 Hous.L.Rev. at 1382. The rule found a permanent place in the common law beginning in the early 1700s and was fully confirmed in England in the 1800s. J. Wigmore, *Evidence* § 2040 at 360 (Chadbourn rev. 1978). The two-witness rule has existed in this country since colonial times. *See* Margolis, *State v. Ross: New Life for Connecticut's Death Penalty?,* 68 Conn.B.J. 262, 268 (Aug.1994). It was even discussed at the Constitutional Convention. *See* Steinberg, Book Review of *Essays on English Law and the American Experience* (E. Cawthorn & D. Narrett, eds.), 39 Am.J.Legal Hist. 278, 280 (April 1995).

At common law, two witnesses were required to convict a defendant on a charge of perjury. S. Gard, *Jones on Evidence Civil and Criminal* § 29:7 at 305–06 (1972), citing *State v. Hayward,* 10 S.C.L. (1 Nott & McC.)

(SC) 546. Presently, based on common law, the falsity of the statement in a federal perjury prosecution must be established by the testimony of two witnesses or the testimony of one witness and corroborating circumstances. C. Wright, 2 *Federal Practice and Procedure* § 403 at 422–23 (2d ed. 1982). The force of this rule has been lessened by more recent statutes. *See, e.g.,* 18 USC § 1623(e) (eliminating the two-witness requirement for false declarations before a grand jury or court); 18 USC § 1001 (no two-witness requirement for proof of false official statement).

The two-witness rule in military criminal law is set forth in paragraph 57c(2)(c), Part IV, Manual for Courts–Martial, United States (1995 ed.). Its predecessor was set out in paragraph 210, Manual for Courts–Martial, United States, 1969 (Revised edition) at 28–67. Paragraph 210 contains a provision substantially the same as paragraph 57c(2)(c).

For the offense of false swearing, the discussion in paragraph 213f(4), 1969 Manual, *supra* (Change 4, January 1, 1981), provided: "The principles set forth in the last two paragraphs of the discussion of perjury in [paragraph] 210 apply also to false swearing."

Paragraph 79c(1), Part IV, Manual, *supra* (1995 ed.), in contrast, provides the entire pertinent discussion of false swearing as it relates to perjury, as follows:

Unlike a false official statement under Article 107 (see paragraph 31) there is no requirement that the statement be made with an intent to deceive or that the statement be official. See paragraphs 57c(1), *c(2)(c)* and c(2)(e) concerning "judicial proceedings or course of justice," *proof of the falsity,* and the belief of the accused, respectively.

(Emphasis added.)

The emphasized portions contain the only arguable linkage as to the modes of proof of false swearing under the current Manual that relate to perjury.

As to the "proof of the falsity" referenced above, paragraph 57c(2)(c) provides:

*Proof.* The falsity of the allegedly perjured statement cannot be proved by circumstantial evidence alone, [1]* except with respect to matters which by their nature are not susceptible of direct proof. [2] The falsity of the statement cannot be proved by the testimony of a *single* witness *unless that* testimony directly contradicts the statement *and* is corroborated by other evidence either direct or circumstantial, tending to prove the falsity of the statement. [3] However, *documentary evidence directly disproving the truth of the statement* charged to have been perjured *need not* be corroborated *if:* the document is an official record shown to have [been] well *known* to the accused at the time the oath was taken; or the *documentary evidence originated* from the accused—or had in any manner been recognized by the accused as containing the truth—before the allegedly perjured statement was made.

(Emphasis added.)

While this has been referred to as the two-witness rule, a more accurate description might be the witness-plus rule. There are exceptions to this rule.

The first [1] exception in paragraph 57c(2)(c) applies where the falsity of the statement is "not susceptible of direct proof." This is a change from the Manual for Courts–Martial, United States, 1951, and is based on *United States v. Walker,* 6 USCMA 158, 19 CMR 284 (1955). *See* para. 210, Analysis of Contents, Manual for Courts–Martial, United States, 1969, Revised edition at 28–16 (Dept. of the Army Pamphlet 27–2 (July 1970)).

The second [2] exception in paragraph 57c(2)(c) applies a single-witness rule when there is corroboration through direct or circumstantial evidence that tends to prove the falsity of the statement.

The third [3] exception in paragraph 57c(2)(c) is taken from *United States v. Wood,* 39 U.S. (14 Pet.) 430, 10 L.Ed. 527

---

* We have placed brackets 1, 2, and 3 within the quoted text and throughout the opinion to help the reader understand exactly what exception we are referring to at a given time.

(1840). *See* para. 210, Legal & Legislative Basis, Manual for Courts–Martial, United States, 1951 at 290. In *Wood,* the Court held that the two-witness rule does not apply when the offense is proved "by documentary or written testimony springing from" the defendant himself or official records known to the defendant at the time he took the oath. *Id.* at 441, 10 L.Ed. 527.

In *Weiler v. United States,* 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495 (1945), the Court rejected the Government's argument that perjury may be proven by the testimony of a single witness if there is sufficient corroborative evidence. *Id.* at 609–10, 65 S.Ct. at 550–51.

However, the Court in *Weiler* noted:

> Our system of justice rests on the general assumption that the truth is not to be determined merely by the number of witnesses on each side of a controversy. In gauging the truth of conflicting evidence, a jury has no simple formulation of weights and measures upon which to rely. The touchstone is always credibility; the ultimate measure of testimonial worth is quality and not quantity. Triers of fact in our fact-finding tribunals are, with rare exceptions, free in the exercise of their honest judgment, to prefer the testimony of a single witness to that of many.

323 U.S. at 608, 65 S.Ct. at 549–50.

■ The historical underpinnings of the two-witness rule reveal that the purpose of the rule is to ensure that a defendant in a criminal trial is not convicted except upon sufficient, reliable evidence. The rule existed at a time when perjury was among the most egregious crimes that existed, and at a time when evidence was deduced primarily from the testimony of witnesses. Because equally honest witnesses could have differing recollections of the same event, a conviction was not to "rest entirely upon 'an oath against an oath.' " R. Perkins and R. Boyce, *Criminal Law* 523 (3d ed. 1982), quoting *Weiler,* 323 U.S. at 608–09, 65 S.Ct. at 549–50 ("More than this is needed 'to turn the scales against the defendant's oath.' *State v. Sailor,* 240 N.C. 113, 115, 81 S.E.2d 191, 192 (1954)."). In *United States v. Diggs,* 560

F.2d 266, 269 (7th Cir.1977), the court asserted that a conviction for perjury ought not rest solely on one man's oath against that of another: that is, an oath against an oath. *See Wood,* 39 U.S. (14 Pet.) at 440, 10 L.Ed. 527 ("oath against oath proves nothing").

■ This is *not* a case of an oath against an oath. Agent Mallard testified that appellant said he had not used drugs. Even appellant agreed that he had made that statement. Further, appellant never questioned the accuracy of the laboratory results showing cocaine metabolites present in his urine, even though he stated that he had not knowingly used cocaine. Appellant claimed innocent ingestion, suggesting that someone had spiked his drinks. Thus, the record shows clear evidence that appellant made the statement that he had not used drugs and that he thereafter tested positive for "drugs." The accuracy of the laboratory reports was never disputed, and an expert testified as to the validity of the results.

■ Even assuming paragraph 79c(1) incorporates paragraph 57c(2)(c), the two-witness rule does not apply here because knowledge is "not susceptible of direct proof," *see* para. 57c(2)(c)[1], when innocent ingestion is claimed. We hold that proof of this element by circumstantial evidence is authorized by paragraph 79c(1). Thus, the evidence was sufficient for the factfinders to find that appellant knowingly used cocaine and, thus, that he knew he was making a false statement when he stated that he had not used drugs. *See generally United States v. Fears,* 11 USCMA 584, 29 CMR 400 (1960); *United States v. Crawford,* 6 USCMA 517, 20 CMR 233 (1955).

This case is distinguishable from *United States v. Olivero,* 39 MJ 246 (CMA 1994), because a laboratory report is direct evidence of perjury. In *Olivero,* "[t]here was no direct evidence of perjury." 39 MJ at 251.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Judge GIERKE concurs.

COX, Chief Judge, with whom EVERETT, Senior Judge, joins (concurring):

The primary issue here is whether the Government offered sufficient evidence of the falsity of appellant's sworn statement that he had not used drugs. I find that the undisputed positive urinalysis result and the expert testimony explaining the significance of that result were sufficient evidence to support a finding that appellant knowingly used cocaine and, therefore, falsely swore to the contrary. I write separately only to add my understanding of why the so-called "two-witness rule" is not applicable to this case.

At the outset, like the majority, I am reluctant to embrace the position that the two-witness rule applies to a false-swearing offense. Paragraph 210, Manual for Courts–Martial, United States, 1969 (Revised edition), stated that the two-witness rule applied in establishing the falsity of an allegedly perjured statement. Paragraph 213f(4), *Manual, supra,* explicitly incorporated this rule of evidence in cases of false swearing by stating: "The principles set forth in the last two paragraphs of the discussion of perjury in 210 apply also to false swearing."

In contrast to this explicit incorporation by reference of the two-witness rule, paragraph 79c(1), Part IV, Manual for Courts–Martial, United States (1995 ed.), presents, in part, the following explanation regarding the offense of false swearing:

(1) *Nature of offense.* False swearing is the making under a lawful oath or equivalent of any false statement, oral or written, not believing the statement to be true. It does not include such statements made in a judicial proceeding or course of justice, as these are under Article 131, perjury (*see* paragraph 57). Unlike a false official statement under Article 107 (*see* paragraph 31) there is no requirement that the statement be made with an intent to deceive or that the statement be official. *See* paragraphs 57c(1), c(2)(c) and c(2)(e) concerning "judicial proceeding or course of

justice," proof of the falsity, and the belief of the accused, respectively.

It is unclear that the language following the *"See"* signal incorporates the provision of paragraph 57c(2)(c), Part IV, Manual, *supra* (1995 ed.), regarding proof of falsity. This concern may at first blush appear pedantic, but the unexplained change from an explicit incorporation by reference in the 1969 Manual to this oblique and ambiguous reference in the 1995 edition of the Manual validates this concern. *Cf. United States v. Tunstall,* 24 MJ 235, 236–37 (CMA 1987) (reasoning that the 1969 Manual's explicit incorporation by reference resulted in application of the two-witness rule to cases of false swearing). Additionally, while the Analysis of Punitive Articles in the 1995 edition of the Manual states that paragraph 79c is based on paragraph 213f(4) of the 1969 Manual, *supra,* there is no discussion of the deletion of the incorporation by reference. *Compare* para. 79 of the Analysis of Punitive Articles, Manual, *supra* (1995 ed.) at A23–17, *with* the Drafters' Analysis of RCM 912(f)(3), Manual, *supra* (1995 ed.) at A21–59 (stating that deletion in the 1969 Manual, *supra,* of the "precatory language" regarding liberal granting of challenges for cause was "not intended" to reflect a change in the policy). *Inclusio unius est exclusio alterius.* Thus, I, along with the majority, reserve judgment on whether, in later Manuals, the rules of proof relating to falsity of the statement that apply to the offense of perjury also pertain to the offense of false swearing. As that issue is not now squarely before this Court, I evaluate the present appeal only assuming, *arguendo,* that the perjury proof-of-falsity requirements pertain to the offense of false swearing. The two-witness rule imposes on the prosecution a unique burden of proof regarding the falsity of a defendant's statement in perjury cases.* *See* paragraph 57c(2)(c), which states the rule as follows: "The falsity of the statement cannot be proved by the

---

* The two-witness rule applied at an earlier time to the crime of false muster. "This requirement appears as Article 5, Section 4 of the British Code of 1774, and of the American Articles [of War] of 1806." G. Davis, *A Treatise on the Military Laws of the United States* 367 (1913); *see also* W. Winthrop, *Military Law and Precedents* 552–53 (2d ed. 1920 Reprint); American Articles of War of 1806, Art. 15, 2 Stat. 359, 362, reprinted in Winthrop, *supra* at 977.

testimony of a single witness unless that testimony directly contradicts the statement and is corroborated by other evidence either direct or circumstantial, tending to prove the falsity of the statement." The two-witness rule applies to courts-martial. *United States v. Tunstall,* 24 MJ 235 (CMA 1987).

This rule affords the prosecution two alternative methods of proof: (1) the testimony of two witnesses, each of his own knowledge, that statements made by the accused under oath were false, or (2) the testimony of only one such witness and corroborative evidence. "As currently applied the two-witness rule does not literally require the direct testimony of two separate witnesses, but rather may be satisfied by the direct testimony of one witness and sufficient corroborative evidence." *United States v. Diggs,* 560 F.2d 266, 269 (7th Cir.1977); *see Murphy v. United States,* 670 A.2d 1361, 1365 (D.C.App.1996) (characterizing the "two-witness" rule as a "misnomer, as the rule can be satisfied with circumstantial evidence alone, or with one direct witness to the falsity of the accused's testimony, plus independent corroborative evidence").

Although the rule has been expanded beyond its literal terms, the rule applies only to a case involving directly contradictory testimony relating to the statement alleged to be falsely sworn—the credibility battle that pits one person's word against another's regarding the truth of the defendant's sworn statement. *See, e.g., United States v. Tunstall, supra; see generally* J. Wigmore, *Evidence* § 2040–41 at 359–63 (Chadbourn rev. 1978); Annotation, *Two–Witness Rule in Perjury Prosecutions Under 18 USCS § 1621,* 49 A.L.R.Fed. 185, 190 (1980). The principal purpose of this rule is to prevent a conviction for perjury or false swearing where the evidence is merely "oath against oath." *Hourie v. State,* 53 Md.App. 62, 452 A.2d 440 (1982), *aff'd on other grounds,* 298 Md. 50, 467 A.2d 1016 (1983); Wigmore, *supra* at 361.

But the two-witness rule is not the only method whereby the prosecution can prove the falsity of a statement made by an accused. *See Hammer v. United States,* 271 U.S. 620, 46 S.Ct. 603, 70 L.Ed. 1118 (1926); 49 A.L.R.Fed. at 191 and 203–07. The two-witness rule is not a requirement for live oral testimony contradicting the accused's statement. The two-witness rule does not relate to the kind or amount of other evidence used to establish the falsity of the alleged statement. *See id.; United States v. Bergman,* 354 F.2d 931 (2d Cir.1966), *Hourie v. State, supra.*

The two-witness rule is inapplicable here as no witness testified of his own knowledge that the appellant's sworn statement was knowingly false. As the prosecution relied on another method and other evidence to contradict the appellant's statement, the narrow issue is whether the prosecution evidence of the knowing falsity of the appellant's sworn statement was sufficient. *See United States v. Collins,* 272 F.2d 650 (2d Cir.1959).

Paragraph 57c(2)(c) states that "[t]he falsity of the allegedly perjured statement cannot be proved by circumstantial evidence alone, except with respect to matters which by their nature are not susceptible of direct proof." This rule of proof relating clearly to the offense of perjury, and possibly to false swearing, makes such offenses different from other crimes which can be proved wholly by circumstantial evidence. This rule, while requiring a specific quality of evidence, does not rest exclusively on a numerical conception of testimony. This rule filters the type of the proof of falsity depending on the matter at issue: if the matter is susceptible of direct proof, circumstantial evidence cannot establish falsity; but if the matter is not susceptible of direct proof, circumstantial evidence alone can establish falsity. The threshold matter then in proving falsity is whether the truth of the statement at issue is susceptible of direct proof.

The subject matter of appellant's statement that he did not use drugs is susceptible of direct proof. For example, it was possible for the Government to produce a witness that observed appellant use drugs. Therefore, circumstantial evidence cannot establish the falsity of appellant's assertion that he did not use drugs. However, as the subject matter

of appellant's knowing use of drugs concerns a matter of intent that, by its very nature, is not susceptible of direct proof, circumstantial evidence alone can prove this matter.

The prosecution evidence here meets these stringent proof requirements. The positive urinalysis report, taken together with the testimony of the expert witness explaining the report, was direct evidence that appellant ingested an illegal drug. *See generally* J. Wigmore, *Evidence* § 25 at 952–56 (Tillers rev. 1983); McCormick, 1 *Evidence* § 185 at 777 (4th ed. 1992). Although the test result was not direct evidence that he knowingly used illegal drugs, it was circumstantial evidence of knowing use, and the trier of fact was permitted to infer knowing use in the absence of credible evidence to the contrary. *See United States v. Harper,* 22 MJ 157 (CMA 1986). Having established appellant's knowing ingestion, the Government had produced sufficient evidence for the members to conclude that appellant's denial of drug use was false. Considering that the scientific evidence alone was sufficient to establish the falsehood of appellant's denial, the Government was not obligated to produce a witness that directly contradicted appellant's sworn statement, and thereby it legitimately circumvented application of the two-witness rule.

To understand the scope of the two-witness rule, it is helpful to contrast evidence sufficient to prosecute simple drug use and falsely swearing that one did not use drugs:

—If the prosecution's case presents only the credibility battle between a single prosecution witness (testifying that he observed the accused use drugs and that the accused's denial of drug use was a false statement) and the defendant (denying drug use), the evidence could be sufficient to establish drug use but deficient as to false swearing (assuming para. 57c(2)(c) applies) because there are not two witnesses to or corroboration of the false statement.

—If the prosecution's case relies on other evidence (positive urinalysis test results and expert testimony explaining them), the evidence could be sufficient to establish both drug use and false swearing.

(This is not a quotation.)

This result follows from the two-witness rule's arguably applying only to the former situation and not the latter. Simply stated, as the present case is not the classic swearing contest with a single uncorroborated prosecution witness contradicting and pitted against the accused's denial, the two-witness rule does not apply in any event.

This analysis is consistent with both federal and state cases that sustain convictions for perjury and falsely sworn statements where direct evidence of a fact absolutely inconsistent with the accused's prior statement established the falsity of the statement. *See, e.g., United States v. Gates,* 616 F.2d 1103 (9th Cir.1980); *United States v. DeLeon,* 474 F.2d 790 (5th Cir.1973); *United States v. Collins, supra; Commonwealth v. Johnson,* 534 Pa. 51, 626 A.2d 514 (1993); *State v. Wheel,* 155 Vt. 587, 587 A.2d 933 (1990); 49 A.L.R.Fed. at 203–07. Moreover, it is only logical to prove the falsity of appellant's statement by this evidence (positive urinalysis test result) because it originated from appellant, and courts have found sufficient similar evidence that originated from the defendant including his own acts, business transactions, documents, and correspondence. *See, e.g., United States v. Wood,* 39 U.S. (14 Pet.) 430, 10 L.Ed. 527 (1840); *United States v. Weiner,* 479 F.2d 923 (2d Cir. 1973); *United States v. Bergman, supra; United States v. Rose,* 215 F.2d 617 (3d Cir.1954).

Additionally, it is important to note that the present case is distinguishable on the facts from *United States v. Olivero,* 39 MJ 246 (CMA 1994). There, we found that the absence of direct evidence of the falsity of the appellant's testimony was fatal to the appellant's conviction of perjury. In the present case, however, there is direct evidence (the positive urinalysis test results) of appellant's drug use. This distinction explains the difference in the results of these cases. Moreover, the careful reader of *Olivero* will note that the Government failed to satisfy the "two-witness" rule as there was no witness to directly contradict appel-

lant's statement. Therefore, the facts in *Olivero* did not present the classic oath against oath relating to the truth of an appellant's statements to which the two-witness rule applies.

In summary, the present case presents another example of reliable scientific evidence making possible an improved search for the truth and prosecution of offenses that otherwise might escape punishment. I find this scientific evidence nicely applies within the traditional evidentiary rules and eschew any premature and unnecessary attempt either to jettison or to expand further the application of the two-witness rule. *See United States v. Tunstall, supra.*

SULLIVAN, Judge (concurring in the result):

Appellant's case was tried in April of 1993. The provision at issue was paragraph 57c(2)(c), Part IV, Manual for Courts–Martial, United States, 1984. It states:

> (c) *Proof.* The falsity of the allegedly perjured statement cannot be proved by circumstantial evidence alone, *except with respect to matters which by their nature are not susceptible of direct proof.* The falsity of the statement cannot be proved by the testimony of a single witness unless that testimony directly contradicts the statement and is corroborated by other evidence either direct or circumstantial, tending to prove the falsity of the statement. However, documentary evidence directly disproving the truth of the statement charged to have been perjured need not be corroborated if: the document is an official record shown to have [been] well known to the accused at the time the oath was taken; or the documentary evidence originated from the accused—or had in any manner been recognized by the accused as containing the truth—before the allegedly perjured statement was made.

(Emphasis added.) This rule applies to courts-martial for false swearing. *See United States v. Tunstall,* 24 MJ 235, 237 (CMA 1987), citing para. 213f(4), Manual for Courts–Martial, United States, 1969 (Revised edition), and para. 79c(1), Part IV, 1984 Manual, *supra.*

Appellant was charged with false swearing, *inter alia,* by stating: "I have not used narcotics." The prosecution attempted to prove this offense by introducing a positive urinalysis result for cocaine and expert testimony explaining those results in terms of inferred cocaine use. This was circumstantial evidence of appellant's drug use offered to prove the falsity of his statement denying drug use. *See United States v. Murphy,* 23 MJ 310 (CMA 1987); *United States v. Harper,* 22 MJ 157, 161 (CMA 1986). Thus, appellant at trial and before this Court contends that the so-called two-witness rule of paragraph 57c(2)(c) was violated by the prosecution's exclusive reliance on circumstantial evidence in this case.

Judge Ripple, writing for the Seventh Circuit, recently explained the so-called two-witness rule in *United States v. Chaplin,* 25 F.3d 1373, 1377 (1994):

> Second, at trial, the government must meet, as a general matter, a heightened evidentiary standard for establishing falsity. Under the so-called "two-witness rule," "the uncorroborated oath of one witness is not sufficient to establish the falsity of the testimony of the accused as set forth in the indictment as perjury." *Hammer v. United States,* 271 U.S. 620, 626, 46 S.Ct. 603, 604, 70 L.Ed. 1118 (1926). The two-witness rule "does not literally require the direct testimony of two separate witnesses, but rather may be satisfied by the direct testimony of one witness and sufficient corroborative evidence." *United States v. Diggs,* 560 F.2d 266, 269 (7th Cir.), *cert. denied,* 434 U.S. 925, 98 S.Ct. 404, 54 L.Ed.2d 283 (1977); *see also Weiler v. U.S.,* 323 U.S. 606, 610, 65 S.Ct. 548, 550, 89 L.Ed. 495 (1945). The two-witness rule has two aspects: (1) the falsity of the testimony must be established by more than the uncorroborated oath of one witness and *(2) circumstantial evidence, no matter how persuasive, will not by itself support a conviction for perjury.* See President's Commission on Law Enforcement and Administration of Justice, *The*

*Challenge of Crime in a Free Society* 141 (1967).

(Emphasis added.)

The Seventh Circuit in *Chaplin* held that the two-witness rule did not apply where the alleged false statement concerned a person's state of mind, *i.e.*, "I do not recall being interviewed by two FBI Agents." Paragraph 57c(2)(c) more broadly states that its prohibition against use of circumstantial evidence to prove falsity does not apply "with respect to matters which by their nature are not susceptible of direct proof." *See United States v. Guerra,* 13 USCMA 463, 32 CMR 463 (1963). Accordingly, the precise question before us is whether cocaine use is a matter which by its nature is susceptible of direct proof. *Cf. United States v. Olivero,* 39 MJ 246, 251 (CMA 1994) (perjury related to alleged marijuana use).

Obviously, one can readily observe a person snorting a substance up his nose, smoking a substance in a pipe, shooting something into his arm, or swallowing some item. *See United States v. Maultasch,* 596 F.2d 19, 25 (2d Cir.1979). However, whether that substance is really cocaine or not is usually a matter for identification by science. *See United States v. Pabon,* 42 MJ 404 (1995); *cf. United States v. Tyler,* 17 MJ 381 (CMA 1984) (user of drug under certain circumstances can establish identity of drug). Moreover, the secretive nature of drug use has necessitated the practice of proving drug offenses in the military by using urinalysis reports and qualified expert testimony. *See United States v. Ford,* 4 USCMA 611, 616, 16 CMR 185, 190 (1954). Accordingly, I conclude that the two-witness rule, including its prohibition against exclusive reliance on circumstantial evidence, does not apply in this case. *Cf. United States v. Olivero, supra* (marijuana use susceptible of direct proof).